UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RES IPSA MEDIA, LLC  \*
d/b/a LAW AND CHAOS PODCAST  \*
28 E. Susquehanna Avenue  \*
Towson, MD  21286  \*
Baltimore County,  \*
\*
    Plaintiff,  \*
\*   Civil Action No. 1:25-cv-02866
v.  \*
\*
DEPARTMENT OF JUSTICE  \*
950 Pennsylvania Avenue, NW  \*
Washington, DC  20530,  \*
\*
    Defendant.  \*
\*
\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT

Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast, brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast ("Law and Chaos"), is a media business headquartered in the state of Maryland and has the ability to disseminate

information on a wide scale. Law and Chaos (https://lawandchaospod.com/) averages approximately 10,000 readers and listeners per episode and will clearly use its editorial skills to translate disclosed records into new material. Law and Chaos is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Law and Chaos which are the subject of this action.

5. The Office of Information and Policy ("OIP") is a DOJ component.

6. OIP processes FOIA requests for records of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, as well as the Offices of Legislative Affairs, Public Affairs, and Legal Policy.

## BACKGROUND

7. On 28 July 2025, DOJ Chief of Staff Chad Mizelle filed a formal complaint with the Chief Judge of the U.S. Court of Appeals for the D.C. Circuit against the Chief Judge of the U.S. District Court for the District of Columbia, James Boasberg ("Boasberg Complaint").

8. The Boasberg Complaint stated that it was filed "at the direction of the Attorney General" and on behalf of DOJ. Letter from Mizelle to Srinivasan of 7/28/25 at 1, *available at* https://www.courthousenews.com/wp-content/uploads/2025/07/FINAL-Misconduct-Complaint-7.28.pdf (last accessed Aug. 26, 2025) [hereinafter Boasberg Complaint].

9. The Boasberg Complaint heavily referenced Chief Judge Boasberg's alleged statements at "a session of the Judicial Conference of the United States." *Id.*

10. According to the Boasberg Complaint:

> On March 11, 2025, at one of the Conference's semiannual meetings, Judge Boasberg disregarded its history, tradition, and purpose to push a wholly

2

> unsolicited discussion about "concerns that the Administration would disregard rulings of federal courts, leading to a constitutional crisis." . . . These comments to the Chief Justice and other federal judges in a public setting undermined the integrity and impartiality of the judiciary, in violation of Canons 1, 2(A), and 3(A)(6). By expressing his view that a particular litigant would violate court orders, Judge Boasberg degraded public confidence in the integrity of the judiciary. Litigants expect that every judge will decide matters based on the facts and the law before them, not on preconceived notions that government officials will violate the law.

*Id.* at 2-3 (footnotes omitted).

11. As a footnote to the "unsolicited discussion about 'concerns that the Administration would disregard rulings of federal courts, leading to a constitutional crisis,'" the Boasberg Complaint stated, "Attachment A at 16." *Id.* at 2 n.2.

12. Also on 28 July 2025, Attorney General Pamela Bondi posted on social media, "Today at my direction, [DOJ] filed a misconduct complaint against U.S. District Court Chief Judge James Boasberg for making improper public comments about President Trump and his Administration. These comments have undermined the integrity of the judiciary, and we will not stand for that." Attorney General Pamela Bondi (@AGPamBondi), X.com (July 28, 2025 7:24 PM), *at* https://x.com/agpambondi/status/1949974166205034753 (last accessed Aug. 26, 2025).

13. The Judicial Branch is part of the U.S. Federal Government.

14. Upon information and belief, DOJ provided copies of the Boasberg Complaint to representatives of the media, who then quoted from it and occasionally published the full document.

15. Upon information and belief, DOJ did not provide copies of "Attachment A" to the media, and no copies have been published.

16. Little is known for certain about the document included with the Boasberg Complaint as "Attachment A."

3

17. On 16 July 2025, author Margot Cleveland ("Cleveland") published an article in *The Federalist*, purporting to reveal the contents of Chief Judge Boasberg's comments to the Judicial Conference. Cleveland wrote:

> In a memorandum obtained exclusively by The Federalist, a member of the Judicial Conference summarized the March meeting, including a "working breakfast" at which Justice Roberts spoke. According to the memorandum, "District of the District of Columbia Chief Judge James Boasberg next raised his colleagues' concerns that the Administration would disregard rulings of federal courts leading to a constitutional crisis."
>
> "Chief Justice Roberts expressed hope that would not happen and in turn no constitutional crisis would materialize," according to the memorandum. The summary of the working breakfast added that Chief Justice Roberts noted that "his interactions with the President have been civil and respectful, such as the President thanking him at the state of the union address for administering the oath."

Margot Cleveland, *EXCLUSIVE: Memo Reveals D.C. Judges Are Predisposed Against Trump Administration* The Federalist (July 16, 2025), *available at* https://thefederalist.com/2025/07/16/exclusive-memo-reveals-d-c-judges-are-predisposed-against-trump-administration/ (last accessed Aug. 26, 2025).

18. Upon information and belief, the "memorandum obtained exclusively by the Federalist" referenced in this article is the document included with the Boasberg Complaint as "Attachment A." Despite the discrepancies—such as Cleveland's statement that Chief Judge Boasberg "raised his colleagues' concerns" versus the Boasberg Complaint's statement that Chief Judge Boasberg "express[ed] his view"—the similarities between the two descriptions strongly suggest that "Attachment A" is either the document given to Cleveland or another document derived from it.

19. For example, when discussing the memorandum provided to her, Cleveland compared it to the document included as "Attachment A" on social media: "As footnote 2 from the DOJ complaint suggests, any summary of the Judicial Conference was lengthy and the

4

memorandum I reviewed was as well, nearly 20 pages of internal discussions, none of which had ANYTHING to do with Boasberg's comments." Margot Cleveland (@ProfMJCleveland), X.com (July 29, 2025 11:36 AM), *at* https://x.com/ProfMJCleveland/status/1950218976862011475 (last accessed Aug. 26, 2025).

20. However, Cleveland later stated on social media, "I did not share the memorandum with DOJ." Margot Cleveland (@ProfMJCleveland), X.com (July 29, 2025 8:36 PM), *at* https://x.com/ProfMJCleveland/status/1950354728392519753 (last accessed Aug. 26, 2025).[1]

21. Regardless of how DOJ obtained the document it included with the Boasberg Complaint as "Attachment A," it undeniably did obtain it, and it equally undeniably attached at least sixteen pages of it to the Boasberg Complaint, which it then delivered to Chief Judge Srinivasan.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (EXPEDITED PROCESSING DENIAL)

22. Law and Chaos repeats and realleges the allegations contained in all paragraphs set forth above.

23. On 28 July 2025, Law and Chaos submitted to OIP a FOIA request which quoted the relevant portions of the Boasberg Complaint and then requested "a copy of the document attached as 'Attachment A' to this complaint."

24. Law and Chaos requested expedited processing of this request and classification as a representative of the news media, stating:

---

[1] Law and Chaos takes no position on the veracity of this statement.

5

  The document in question purports to memorialize evidence of a federal judge's allegedly sanctionable misconduct, which, according to Mr. Mizelle, was extreme enough to warrant a formal complaint to the Chief Judge of the D.C. Circuit. This clearly pertains to actual or alleged Federal Government activity, including both Executive Branch and Judicial Branch entities. Moreover, a complaint of this sort being filed at the direct behest of the U.S. Attorney General against the Chief Judge of a district court, which has already been the subject of several news articles, since being announced mere hours ago, is clearly a matter of widespread and exceptional media interest and raises possible questions about the government's integrity that affect public confidence. The letter itself even states, "Judge Boasberg's actions have harmed the integrity and public confidence in the integrity of the judiciary." The complaint language itself demonstrates the need for expedited processing of the document which allegedly demonstrates how Chief Judge Boasberg harmed the integrity and public confidence in the integrity of the judiciary.

  25. Law and Chaos demonstrated that: (1) there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest; and (2) the information sought involves possible questions about the Government's integrity which affect public confidence.

  26. On 4 August 2025, OIP responded to Law and Chaos's request and assigned it Request No. FOIA-2025-06101.

  27. OIP stated that it had denied Law and Chaos's request for expedited processing.

  28. Regarding the first standard, OIP stated, "Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied. This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally." OIP did not elaborate on this determination.

  29. Regarding the second standard, OIP stated, "Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant

6

or deny expedited processing under this standard. . . . The Director has determined that your request for expedited processing should be denied." OIP did not elaborate on this determination.

30. On 4 August 2025, Law and Chaos submitted an appeal to OIP, stating, "[W]hile we are not required to appeal the denial of expedited processing, as an act of discretion we choose to give OIP the opportunity to reverse this . . . indefensible denial of our request for expedited processing."

31. On 14 August 2025, OIP acknowledged receipt of this appeal and assigned it Appeal No. A-2025-02348. OIP stated that it affirmed both determinations regarding Law and Chaos's request for expedited processing.

32. Law and Chaos has exhausted all required administrative remedies.

33. Law and Chaos has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by OIP of said right.

## SECOND CAUSE OF ACTION

## (IMPROPER PLACEMENT INTO COMPLEX TRACK)[2]

34. Law and Chaos repeats and realleges the allegations contained in paragraphs 7 through 21 above, inclusive.

35. OIP's 4 August 2025 letter stated, "For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time we have assigned your request to the complex track."

---

[2] If the Court agrees that Law and Chaos is entitled to expedited processing of its request, this count is moot.

7

36. According to OIP, "FOIA requests are placed in one of three tracks. Track one is for those requests which seek and receive expedited processing pursuant to subsection (a)(6)(E) of the FOIA. Track two is for those requests which do not involve voluminous records or lengthy consultations with other entities. Track three is for those requests which involve voluminous records, requests for which lengthy or numerous consultations are required, or those requests which may involve sensitive records." DOJ, *DOJ Reference Guide: Attachment B*, at https://www.justice.gov/oip/doj-reference-guide-attachment-b-listing-and-descriptions-department-justice-components-foia (last accessed Aug. 26, 2025).

37. Law and Chaos's request is for a single recent document of approximately twenty pages which can be easily located within the Office of the Attorney General, for which no consultations—lengthy or otherwise—are required, since OIP processes requests for that office. Moreover, since this document was obtained from an unknown source outside the Executive Branch and was then included as a formal attachment to a complaint filed with a federal circuit court, it cannot be fairly described as a "sensitive record."

38. Law and Chaos's 4 August 2025 appeal stated, "This is a request for one document maintained by one office. If it is not in the expedited track, it definitely needs to be in the simple track. We appeal its placement in the complex track."

39. OIP's 14 August 2025 letter stated, "[T]he IR Staff properly placed your client's request into its complex track." OIP did not elaborate on this determination.

40. Law and Chaos has exhausted all required administrative remedies.

41. Law and Chaos has a legal right under FOIA to have its request processed in Track 2, if not Track 1, and there is no legal basis for the denial by OIP of said right.

**THIRD CAUSE OF ACTION**

**(CONSTRUCTIVE NEWS MEDIA DENIAL)**

42.     Law and Chaos repeats and realleges the allegations contained in paragraphs 7 through 21 above, inclusive.

43.     Law and Chaos's request stated that it was a representative of the news media, explaining, "Res Ipsa Media publishes the Law and Chaos podcast, https://lawandchaospod.com, which averages approximately 10,000 readers and listeners per episode. It is accordingly primarily engaged in disseminating information."

44.     OIP's 4 August 2025 letter did not issue a determination regarding Law and Chaos's request to be classified as a representative of the news media. Instead, it stated, "Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request."

45.     OIP's 4 August 2025 letter stated, "The records you seek require a search in and/or consultation with another Office, and so your request falls within 'unusual circumstances.' Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute."

46.     The FOIA statute states:

(iii) As used in this subparagraph, "unusual circumstances" means, but only to the extent reasonably necessary to the proper processing of the particular requests—

   (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

   (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

> (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein.

5 U.S.C. § 552(a)(6)(B)(i)-(iii).

47. Law and Chaos's request is for a single recent document of approximately twenty pages which can be easily located within the Office of the Attorney General, for which no consultations are required, since OIP processes requests for that office. Moreover, since this document was obtained from an unknown source outside the Executive Branch, no other agencies or DOJ components besides the Office of the Attorney General will have any subject-matter interest in it.

48. To avoid unnecessary litigation on this matter, Law and Chaos's 4 August 2025 appeal stated, "This is a request for one document maintained by one office. . . . [I]t is in the custody of the Office of the Attorney General, for which OIP processes all FOIA requests. It is located in DOJ headquarters. It will require no searching of or consultation with another office geographically distinct from OIP. There is no justification for an invocation of unusual circumstances, and we appeal that invocation."

49. OIP's 14 August 2025 letter stated, "The records your client seeks require a search for and collection of records from field offices or other separate offices, and thus your client's request falls within 'unusual circumstances.' . . . Therefore, the IR Staff properly determined that 'unusual circumstances' apply to the processing of your client's request." OIP did not elaborate on this determination. Accordingly, OIP is only relying on the alleged need to conduct a *search* in a separate office and has waived any ability to invoke "unusual circumstances" based on the alleged need to consult with another agency or agency component.

50. Since OIP improperly invoked "unusual circumstances," OIP still had until 25 August 2025 to issue a final determination regarding Law and Chaos's request for classification as a representative of the news media.

51. As of this writing, OIP has not issued a final determination regarding Law and Chaos's request for classification as a representative of the news media.

52. Law and Chaos has a legal right under FOIA to be classified as a representative of the news media, and there is no legal basis for the denial by OIP of said right.

## FOURTH CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL)

53. Law and Chaos repeats and realleges the allegations contained in paragraphs 7 through 21 above, inclusive.

54. Since OIP improperly invoked "unusual circumstances," OIP still had until 25 August 2025 to issue a final response to Law and Chaos's request.

55. As of this writing, OIP has not issued a final response to Law and Chaos's request.

56. Law and Chaos has a legal right under FOIA to obtain the record it seeks, and there is no legal basis for the denial by OIP of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast, prays that this Court:

(1) Order the Office of Information Policy to expeditiously process its request;

(2) Order OIP to place its request in Track 2, if it does not conclude that the request is entitled to expedited processing;

    (3)    Order OIP to release the requested record;

    (4)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

    (5)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

    (6)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

    (7)    Grant such other relief as the Court may deem just and proper.

Date:   August 29, 2025

Respectfully submitted,

/s/ Paul Rosenzweig
Paul Rosenzweig, Esq.
MD Bar #14943
333 8th Street, SE
Unit 406
Washington, DC  20003
202-329-9650
PaulRosenzweigEsq@gmail.com

*Counsel for Plaintiff*

/s/ Kelly McClanahan
Kelly McClanahan, Esq.
MD State Bar #2508221007
*(Federal bar membership pending)*
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org