

**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Kel McClanahan, Esq.

                              Re:   Appeal No. A-2025-02348

                                     Request No. FOIA-2025-06101

foia+resipsa@nationalsecuritylaw.org

**VIA:  Online Portal - 08/14/2025**

Dear Kel McClanahan:

      You appealed on behalf of your client, Res Ipsa Media, LLC, from the action of the Initial Request Staff (IR Staff) of the Office of Information Policy on your client's Freedom of Information Act (FOIA) request for access to a copy of document included as "Attachment A" to a complaint filed by the Department of Justice against U.S. District Court Chief Judge James Boasberg on July 28, 2025.  I note that your appeal concerns the IR Staff's placement of your client's request in the complex track and its denial of your client's request for expedited processing.  You also seek expedited processing of your appeal.

      After carefully considering your appeal, I am affirming the IR Staff's action on your client's request.  The records your client seeks require a search for and collection of records from field offices or other separate offices, and thus your client's request falls within "unusual circumstances."  See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Therefore, the IR Staff properly determined that "unusual circumstances" apply to the processing of your client's request.  Likewise, the IR Staff properly placed your client's request into its complex track.

      Additionally, in your appeal letter, you assert that your client's request is entitled to expedited treatment pursuant to the second and fourth standards enumerated in the Department of Justice's regulations.  Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II).  See also 28 C.F.R. § 16.5(e)(1)(ii) (2024).  Under the fourth standard, you must show that the subject matter of your clients request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." Id. at § 16.5(e)(1)(iv).  This Office makes determinations regarding the first three

Ex. D

standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard.  See id. at § 16.5(e)(2).

After carefully considering your appeal, I am affirming the IR Staff's action in denying your request for expedited treatment.  In deciding whether you have demonstrated that there is an "urgency to inform the public" under 28 C.F.R. § 16.5(e)(1)(ii) (2024), I considered three factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity."  Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001).  Although your client's request concerns a federal government activity, you have not established that delaying a response would compromise a significant recognized interest. Without such a showing, expedited processing pursuant to the second standard is not warranted.

The Director of Public Affairs considered your request for expedited processing under the fourth standard and determined that your request should be denied.  I agree with the determination of the Director of Public Affairs that expedited treatment of your client's request is not warranted under this standard because you have failed to sufficiently demonstrate that the subject of your client's request is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv) (2024).  Accordingly, the Director of Public Affairs properly determined that you failed to meet your burden under the fourth standard for expedited processing.

Finally, I note that you requested expedited treatment of your appeal.  Because I am closing your underlying appeal within ten calendar days, your request for expedited treatment of this appeal is moot.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the IR Staff in response to your client's request.

If your client dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to pursue litigation.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions

regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X_____
Christina Troiani
Chief, Administrative Appeals Staff