UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RES IPSA MEDIA, LLC<br>d/b/a LAW AND CHAOS PODCAST,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:25-cv-02866 (ABA)<br>*<br>*<br>*<br>*<br>* |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT**

Plaintiff apologizes to the Court for the disjointed presentation of the parties' respective status reports. As Defendant notes, the undersigned was out of the country all of last week, and when the returned to the country, he then was required to spend several days in a secure facility working on several EEO matters involving classified information, and so has only now been able to draft this response.

In most Freedom of Information Act ("FOIA") cases, Plaintiff agrees that a month would not matter, and in that spirit it is willing to agree to Defendant's request. However, because this is not most FOIA cases, Plaintiff asks the Court to attach two caveats to its order. Less than three weeks ago, while Plaintiff's motion was pending, Members of Congress introduced articles of impeachment against Chief Judge Boasberg and asked Chief Judge Srinivasan to suspend him, *citing the requested document. Senator Schmitt Leads Colleagues in Calling for the Suspension, Impeachment of Judge Boasberg* (Nov. 17, 2025), *at* https://www.schmitt.senate.gov/media/press-releases/senator-schmitt-leads-colleagues-in-calling-for-the-suspension-impeachment-of-judge-boasberg/ (last accessed Dec. 5, 2025) ("And

in July 2025, it came to light that on March 11, 2025, 'at one of the Conference's semiannual meetings, Judge Boasberg disregarded its history, tradition, and purpose to push a wholly unsolicited discussion about 'concerns that the Administration would disregard rulings of federal courts, leading to a constitutional crisis.'"") (quoting Defendant's complaint against Judge Boasberg which was based on the requested document).

It is therefore of paramount importance that this document be processed and released as soon as practicable, and it is therefore of equal importance that the Court adjudicate the question of expedited processing in an expeditious manner. (Pl.'s Mem. P. & A. Supp. Mot. Part. Summ. J., Dkt. #6, at 1-2 (filed Sept. 30, 2025) ("Due to the time sensitivity of this matter, as discussed herein, Law and Chaos further requests that the Court adjudicate this Motion itself expeditiously once briefing has been completed."). Therefore, unless Defendant releases the requested document *in full* before 26 December, the Court should insist that it must still file an Answer by 26 December.[1]

Similarly, if Defendant elects to oppose Plaintiff's motion instead of releasing the requested record, the Court should *sua sponte* expedite the consideration of Plaintiff's motion under 28 U.S.C. § 1657, which instructs: "[T]he court shall expedite the consideration of any action . . . if good cause . . . is shown," 28 U.S.C. § 1657(a), and specifically states "'good cause' is shown" "if a right . . . under section 552 of title 5"—which comprises the statutory provisions of FOIA—"would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* As demonstrated above, expeditious adjudication of this motion would be appropriate for a variety of reasons, not least of which is the fact that the Court would need to compensate for the 30-day delay created at Defendant's request on top of the six-week

---

[1] Plaintiff concedes that even a partial release—as long as it is a *final* release—would render its partial summary judgment moot.

delay caused by the Government shutdown. After all, Congress intended that this "'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act." *Ferguson v. FBI*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (quoting H.R. Rep. No. 98-985, at 6 (1984)); *Brennan Ctr. for Just. at N.Y.U. Sch. of L. v. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018) (quoting same).

Date:   December 5, 2025

                                       Respectfully submitted,

                                       /s/ Kelly B. McClanahan
                                       Kelly B. McClanahan, Esq.
                                       MD Bar #31832
                                       National Security Counselors
                                       1451 Rockville Pike
                                       Suite 250
                                       Rockville, MD  20852
                                       501-301-4672
                                       240-681-2189 fax
                                       Kel@NationalSecurityLaw.org

                                       *Counsel for Plaintiff*