## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RES IPSA MEDIA, LLC                          *
d/b/a LAW AND CHAOS PODCAST,                 *
                                             *
    Plaintiff,             *
                                             *
    v.                     *      Civil Action No. 1:25-cv-02866 (ABA)
                                             *
DEPARTMENT OF JUSTICE,                       *
                                             *
    Defendant.             *
                                             *

*     *     *     *     *     *     *     *     *     *     *     *     *

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

    Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast ("Law and Chaos") filed a fourteen-page brief explaining why it was entitled to partial summary judgment on the question of expedited processing of its Freedom of Information Act ("FOIA") request for one copy of one Department of Justice Office of Information Policy ("OIP") record, which OIP originally obtained from outside the Executive Branch. Of those fourteen pages, eleven pages explained in granular detail why Law and Chaos's request satisfied not one but two separate expedited processing standards (Pl.'s Mem. P. & A. Supp. Mot. Part. Summ. J., Dkt. #6, at 2-12 (filed Sept. 30, 2025)), and two pages explained why OIP could not render this Motion moot without granting expedited processing unless "all processing of the responsive record is complete." (*Id.* at 12-14.)

    As Law and Chaos anticipated, OIP now attempts to do exactly that. It has not released a single word of the requested record and yet it argues—in a *five-sentence* brief—that this Motion is now moot. As its sole legal support, OIP cites to one case in which a court held that a substantive response by the agency required the plaintiff to amend the complaint because "[t]he

Amended Complaint is premised only on the [agency]'s failure to respond to plaintiff's FOIA request, for which [the plaintiff] sought an Order requiring a response." *Taitz v. Colvin*, No. 13-1878, 2013 U.S. Dist. LEXIS 175770, at *6-7 (D. Md. Dec. 13, 2013).

However inartfully the complaint in *Taitz* was drafted, Law and Chaos's Complaint did not suffer such infirmities. Law and Chaos specifically pleaded that it "has a legal right under FOIA *to obtain the record it seeks*" (Compl., Dkt. #1, ¶ 56 (filed Aug. 29, 2025) (emphasis added), and asked the Court to "[o]rder OIP *to release the requested record*." (*Id*. at 12 (emphasis added).) It did not simply allege that it was entitled to *a response* or ask the Court *to require a response*; it directly requested full release of the requested record, as is normally the case in FOIA litigation. That distinction alone renders *Taitz* inapposite and defeats OIP's argument.

Rather than reinvent the wheel, Law and Chaos will simply quote Judge Hurson's on-point opinion from last year:

> "It is undisputed that a challenge to a particular denial of a FOIA request becomes moot if an agency produces the requested documents." *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) (citing *Payne Enter, Inc. v. United States*, 837 F.2d 486, 490-91 (D.C. Cir. 1988)). However, "an action is not moot simply because an agency has decided that its partial disclosures are enough." *Furrow v. Fed. Bureau of Prisons*, 420 F. App'x 607, 610 (7th Cir. 2011).

*Emesowum v. NSA*, No. 24-360, 2025 U.S. Dist. LEXIS 48495, at *6 (D. Md. Mar. 18, 2025) (cleaned up). If "an action is not moot simply because an agency has decided that its partial disclosures are enough," *id.*, then an action is definitely not moot simply because an agency decided that its *nondisclosure* is enough.

Law and Chaos will now address the practical argument that OIP *could have* made but did not, just so the Court can be satisfied that all pertinent bases have been covered. The Court might question whether granting summary judgment in Law and Chaos's favor would have a

material effect on the processing of its FOIA request, since OIP has already issued what it claims

is a final response and claims that there is no more processing to be done. This concern would be

misplaced, however, because it presupposes that the Court will ultimately agree with OIP that the

requested record is not an "agency record." However, there is a strict test for whether a record in

the possession of an Executive Branch agency is in fact a record belonging to another branch or a

private entity, which requires, in pertinent part, a determination that the agency has not converted

it into an agency record by using it for its own purposes, and OIP has not–and cannot—satisfy

that test.

A comparable example would be a sealed judicial opinion stored in an agency database.

In such a case, the opinion would not be considered publicly available because of the judicial

seal, and it would clearly have been considered a judicial record when it was written. However,

when it was transmitted to the agency, and the agency chose to store it in an agency database, the

agency's copy *became* an agency record. If the agency then used that opinion to train employees

or included copies of the opinion as exhibits in other cases, its identity as an agency record

would be even further established. The deciding factor would be whether the agency had used *its*

*copy* of the opinion for *its own reasons* and in furtherance of *its own work*.

Law and Chaos provided numerous specific allegations in its Complaint demonstrating

ways in which DOJ used this record—even if it was originally created as a judicial record—for

its own purposes. (*See* Compl. ¶¶ 7-12, 14, 21 (describing ways in which DOJ expressly relied

on document in filing judicial complaint, communicating with media, and making public

statements).) OIP, in contrast, has so far failed to even file an Answer, despite being explicitly

required to by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(2) ("[A] United States

agency . . . must serve an answer to a complaint . . . within 60 days after service on the United

States attorney.")[1] A defendant may file a motion to dismiss under Rule 12(b) in lieu of an Answer, but OIP has not done that either, nor has it requested an extension of the filing deadline from the Court.[2] Plaintiff's undersigned counsel has reminded OIP's counsel multiple times of the need to file an Answer, but OIP continues to violate Rule 12(a)(2).

While a failure to file an Answer would normally not warrant inclusion in a merits brief, in this case OIP's recalcitrance has specific material consequences for this controversy. The Court is being asked to accept as a given that the record in question is a judicial record not subject to FOIA, when the *only* factual assertions in the record—Plaintiff's well-pleaded allegations regarding DOJ's use of this record—remain uncontested. It would therefore be highly improper for the Court to conclude that the question of expedited processing is moot based on the presumption that there is no more processing to be done. According to the only factual assertions properly before the Court, it can only conclude at this stage that Law and Chaos is likely to prevail on the question of whether this record is an agency record, at which point the rate at which OIP then processes the record for release would be a critically important issue. A decision that the question of expedited processing is moot would therefore frustrate the orderly progress of this case and severely prejudice Law and Chaos should it prevail at a later stage, and therefore the Court should grant summary judgment to Law and Chaos and order OIP to conduct any future processing of this record—whether in response to a court order or a unilateral change in position—as soon as practicable.

---

[1] FOIA reduces this period to thirty days, but the distinction is irrelevant because the United States Attorney was served on 9 September 2025: 129 days ago as of this writing.

[2] OIP requested an extension of only its deadline for filing *its Opposition to this Motion* on 26 November 2025, but made no mention of its Answer. (Def.'s Stat. Rep., Dkt. #12 (filed Nov. 26, 2025).)

## CONCLUSION

Law and Chaos has demonstrated that it has a compelling need to be granted expedited processing for its FOIA request, and rather than refute *any* of its arguments, OIP submitted a five-sentence Opposition making a token mootness argument which does not stand up to scrutiny. For the reasons described above and in Law and Chaos's initial brief, Law and Chaos is entitled to partial summary judgment on Count 1 and an order directing DOJ to process its request as soon as practicable.

Date:   January 16, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*