IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RES IPSA MEDIA,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:25-cv-02866-ABA<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF VANESSA R. BRINKMANN**

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1.    I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or Department). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP – a role I have served in some form since 2008. Prior to becoming Senior Counsel, I served as Counsel to the IR Staff, as an Attorney-Advisor and, from 2003-2008, as a Government Information Specialist (formerly FOIA Specialist) on the IR Staff. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from OIP's FOIA client offices in DOJ, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (OPA).

2.    The IR Staff devises appropriate records searches for each FOIA request and determines whether records can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the Department's senior leadership offices and,

1

when appropriate, with other components within the DOJ, other Executive Branch agencies, and in certain circumstances, other entities not subject to the FOIA.

3. I make the statements herein on the basis of personal knowledge, including my extensive experience with the FOIA, with OIP, and in handling FOIA requests for OIP FOIA client office records, as well as information acquired by me in the course of performing my official duties, including information provided to OIP by the Administrative Office of the United States Courts, which has direct knowledge of the Judiciary's records.

**Plaintiff's FOIA Request**

4. On July 28, 2025, Plaintiff submitted a FOIA request wherein it described a July 28, 2025, complaint against Chief Judge James Boasberg ("Boasberg Complaint"), filed by the Department with the District of Columbia Circuit. Plaintiff observed that the Boasberg Complaint cites in a footnote "Attachment A at 16."[1] Plaintiff's FOIA request seeks a copy of "Attachment A." A true and correct copy of Plaintiff's FOIA request is attached hereto as Exhibit 1.

**Processing of Plaintiff's FOIA Request**

5. Plaintiff's FOIA request was received by OIP on July 28, 2025, and assigned OIP tracking number FOIA-2025-06101.

6. On August 29, 2025, Plaintiff filed suit. *See* Complaint, ECF No. 1.

---

[1] Plaintiff provided via its FOIA request a link to Courthouse News' website where that media company published an unsigned, unofficial copy of the Boasberg Complaint referred to by Plaintiff. The Department has not officially released a copy of the Boasberg Complaint, nor should the statements made herein be construed to confirm or deny the validity of the copy of the Boasberg Complaint published by the media source cited by Plaintiff. Moreover, merely for ease of reference, this declaration will continue to refer to the document Plaintiff seeks as "Attachment A," even though that naming convention is inconsistent with that used by the Judiciary—the owner of the document that is the subject of this litigation.

2

7. In Defendant's November 25, 2025, Status Report, OIP reported that it "located the document identified by Plaintiff as 'Attachment A,' but needs additional time for consultation and review." ECF No. 12, ¶ 2.

8. On December 23, 2025, OIP sent Plaintiff a final response letter conveying the Department's determination that "Attachment A" "is a record of the judiciary and therefore is not an 'agency record' subject to the FOIA." A true and correct copy of OIP's final response letter is attached hereto as Exhibit 2.

9. The purpose of this declaration is to explain the bases for OIP's determination that "Attachment A" is not an agency record subject to the FOIA.

## Agency Records Determinations

10. The disclosure provisions of the FOIA apply only to "agency records." *See, e.g.*, *Am. First Legal Found. v. Roberts*, No. 1:25-CV-1232 (TNM), 2025 WL 3674226, at *4 (D.D.C. Dec. 18, 2025).

11. In reviewing records in response to FOIA requests, OIP is mindful that the term "agency records" extends only to those documents that an agency both (1) creates or obtains, and (2) control at the time the FOIA request is made. *See, e.g.*, *Am. C.L. Union v. C.I.A. ("ACLU")*, 823 F.3d 655, 662 (D.C. Cir. 2016) (quoting *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144-145 (1989)).

12. OIP is also mindful that the D.C. Circuit generally analyzes four factors to determine whether an agency exercises sufficient control over requested documents to render them agency records: (1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to

which the document was integrated into the agency's record system or files. *See ACLU*, 823 F.3d at 662 (listing *Tax Analyst* factors). However, where an agency obtains documents from a governmental entity not covered by the FOIA, the first two factors are deemed essentially dispositive in light of "special policy considerations." *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 221 (D.C. Cir. 2013).

13. Records of the Judicial Branch of government are not considered agency records and fall outside of the FOIA's disclosure provisions. *See* 5 U.S.C. § 551(B).

### OIP's Determination that "Attachment A" is Not an Agency Record

14. As explained above, OIP reported that its search located the document requested by Plaintiff. Upon initial review of the document identified in this action as "Attachment A," OIP observed that the document is a memorandum that bears the markings of a United States Court, is authored by a Federal Judge, and discusses matters internal to the Judicial Conference of the United States. Moreover, the document bore no indicia that the Department modified the document in any way – in other words, "Attachment A," as located by OIP, appeared to be a Judiciary document on its face. OIP therefore undertook steps to learn more about the document in order to make an informed determination as to whether it is an agency record subject to the FOIA.

15. Chief Justice John G. Roberts, Jr., is the Presiding Officer of the Judicial Conference of the United States,[2] and the Administrative Office of United States Courts (AOUSC) provides staff support and counsel to the Judicial Conference.[3]

---

[2] About the Judicial Conference of the United States, https://www.uscourts.gov/administration-policies/governance-judicial-conference/about-judicial-conference-united-states.
[3] Judicial Administration, https://www.uscourts.gov/administration-policies/judicial-administration.

16. Given the above, to facilitate its review and analysis regarding the ownership of the document, OIP contacted the AOUSC and conferred with an assistant general counsel for the Judiciary within the Administrative Office (AOUSC Counsel).

17. Upon review of "Attachment A," AOUSC Counsel stated that the document is a Judiciary memorandum written by a federal judge regarding the meeting of the Judicial Conference in March 2025.

18. AOUSC Counsel conveyed to OIP, in no uncertain terms, the Federal Judiciary's strenuous objection to the Department's release of "Attachment A." AOUSC Counsel further articulated that "Attachment A" was created to be an internal Judiciary document, for a specific Judiciary audience, concerning confidential Judiciary matters and is not now, nor was it ever an Executive Branch document. In sum, AOUSC Counsel advised OIP that it is the position of the AOUSC that "Attachment A" remains under the control of the Judicial Branch, is confidential, and is not subject to disclosure pursuant to the FOIA.

19. AOUSC Counsel further stated that the Judiciary made efforts to identify how "Attachment A" ended up in the possession of the Department and has not been able to identify a source of transmission of "Attachment A" from within the Judiciary to the Department. AOUSC Counsel additionally articulated that the Judiciary did not officially transmit or authorize the transmission of "Attachment A" to the Department or any external recipient. Specifically, AOUSC Counsel explained that, given the privileged nature of the document, the Judicial Conference at large would be the only entity that could approve its official release, and that it is the view of the AOUSC that the document is not an Executive Branch record subject to FOIA disclosure, but rather, a judicial record that remains under the control of the Judicial Branch..

20. Lastly, AOUSC Counsel noted that dissemination of the document known as "Attachment A" has been very limited even within the Judiciary.

21. OIP also conducted electronic searches to attempt to identify how "Attachment A" arrived in DOJ. Searches conducted of DOJ leadership office officials' Departmental email accounts using e-discovery software revealed no electronic trail indicating transmission of "Attachment A" into the Department, nor has OIP's point of contact within OAG been able to identify how "Attachment A" was received by the Department.

22. Informed by the above-described discussions with AOUSC Counsel, OIP concluded that the creator of "Attachment A" – *i.e.*, the Judicial Branch – at no point intended to relinquish control of the document, and clearly intended it to remain a document of the Judiciary.

23. OIP conducted an independent legal analysis of the information provided by the Judiciary in the context of OIP's own internal search efforts regarding the transmission of the document, which did not find any indication that the document was officially transmitted to DOJ by the Judiciary. As a result of this analysis, OIP determined that "Attachment A" is a record of the Judiciary and therefore is not an agency record subject to the FOIA.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Vanessa R. Brinkmann

Executed this 30th day of January 2026.

# Exhibit 1

Request Information

| | |
|---|---|
| Request Number | FOIA-2025-06101 |
| Request Type | Request |
| Request Date | 07/28/2025 |
| Perfected Date | 07/28/2025 |
| Due Date | 08/25/2025 |
| Request is in Litigation | |
| Unusual Circumstances | |
| Significant | No |
| Coordination | No |
| Track | Complex |
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |
| eDiscovery Number | |
| FOIA.gov Request ID | |
| Sending Agency | |
| Agency Point of Contact | |
| Agency Tracking Number | |

Litigation Information

| | |
|---|---|
| First Name of Litigator | |
| Last Name of Litigator | |
| Litigator Office | |
| Case Name | |
| Federal District Court | |
| Litigation Short Description | |
| Litigation Reviewer | |
| Case Number | |
| Date of Final Adjudication by Court | |

Requester Information

| | |
|---|---|
| Salutation | |
| First Name | Kel |

| Field | Value |
|---|---|
| Middle Name | |
| Last Name | McClanahan |
| Email Address | [redacted] |
| Organization | National Security Counselors |
| Register Number | |
| Phone Number | 501-301-4672 |
| Fax Number | 240-681-2189 |
| Other Information | |
| Address Type | Work |
| Country | United States |
| Address Line 1 | 1451 Rockville Pike |
| Address Line 2 | Suite 250 |
| Military Branch | |
| City | Rockville |
| State | Maryland |
| Province | |
| Zip/Postal Code | 20852 |

### Description of Request

| Field | Value |
|---|---|
| Summary of Request | (EXPEDITION - standard ii and iv) copy of the document attached as "Attachment A" located in an attachment filed by the Department of Justice against U.S. District Court Chief Judge James Boasberg U.S. District Jude of the U.S. Court of Appeals for the District of Columbia Circuit judge on July 28, 2025. t |
| Description | On 28 July 2025, DOJ Chief of Staff Chad Mizelle filed a formal complaint against U.S. District Court Chief Judge James Boasberg with the Chief Judge of the U.S. Court of Appeals for the D.C. Circuit. According to this complaint, "On March 11, 2025, at one of the [U.S. Judicial] Conference's semiannual meetings, Judge Boasberg disregarded its history, tradition, and purpose to push a wholly unsolicited discussion about 'concerns that the Administration would disregard rulings of federal courts, leading to a constitutional crisis.'" For this statement, the complaint cited "Attachment A at 16." However, no copy of Attachment A has been made publicly available as of this writing. A copy of this complaint can be found at https://www.courthousenews.com/wp-content/uploads/2025/07/FINAL-Misconduct-Complaint-7.28.pdf.<br><br>On behalf of my client Res Ipsa Media, LLC, which operates the Law and Chaos podcast, I request a copy of the document attached as "Attachment A" to this complaint. Res Ipsa Media should be considered the requester for this request. We request that all responsive records be released in electronic format. |
| File Type 1 | |
| File 1 | *No Attachment* |
| File Type 2 | |
| File 2 | *No Attachment* |
| File Type 3 | |
| File 3 | *No Attachment* |

### Expedited Processing Information

| Field | Value |
|---|---|
| Expedited Processing Requested? | Yes |
| Expedited Processing Request Date | 07/28/2025 |
| Expedited Processing Determination | |
| Expedited Determination Date | |
| Expedited Requested Due | |

| | |
|---|---|
| Date | |
| Standards for Expedition | - 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.<br>- 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. |
| Expedited Justification | Res Ipsa Media publishes the Law and Chaos podcast, https://lawandchaospod.com, which averages approximately 10,000 readers and listeners per episode. It is accordingly primarily engaged in disseminating information.<br><br>The document in question purports to memorialize evidence of a federal judge's allegedly sanctionable misconduct, which, according to Mr. Mizelle, was extreme enough to warrant a formal complaint to the Chief Judge of the D.C. Circuit. This clearly pertains to actual or alleged Federal Government activity, including both Executive Branch and Judicial Branch entities. Moreover, a complaint of this sort being filed at the direct behest of the U.S. Attorney General against the Chief Judge of a district court, which has already been the subject of several news articles, since being announced mere hours ago, is clearly a matter of widespread and exceptional media interest and raises possible questions about the government's integrity that affect public confidence. The letter itself even states, "Judge Boasberg's actions have harmed the integrity and public confidence in the integrity of the judiciary." The complaint language itself demonstrates the need for expedited processing of the document which allegedly demonstrates how Chief Judge Boasberg harmed the integrity and public confidence in the integrity of the judiciary. |
| **Fee Information** | |
| Will Pay Up To | 0 |
| Fee Category | Representative of the news media |
| Fee Waiver Requested? | No |
| Fee Waiver Granted? | |
| Fee Waiver Justification | |
| **Records Management** | |
| Disposition Date | |
| Marked for Disposition | |
| Disposition Confirmed | |
| Disposition Confirmed By | |
| Workflow State | Submitted |
| Workflow Status | Submitted |
| Assigned Analyst | |
| IR Reviewer | |

# Exhibit 2



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

December 23, 2025

Kel McClanahan         Re:   FOIA-2025-06101
National Security Counselors          25-cv-2866 (D. Md.)
                                                       VRB:JMS

Dear Kel McClanahan:

      This is a final response to your Freedom of Information Act (FOIA) request made on behalf of your client, Res Ipsa Media, LLC, dated and received in this Office on July 28, 2025, seeking a copy of a document included as "Attachment A" to a complaint filed by the Department of Justice against U.S. District Court Chief Judge James Boasberg on July 28, 2025.

      Please be advised that a search has been conducted which has located the requested document, totaling sixteen pages.  The Department has determined that this document is a record of the judiciary and therefore is not an "agency record" subject to the FOIA.

      For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2018).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

      If you have any questions regarding this response, please contact Melissa Goldmeier at the United States Attorney's Office for the District of Maryland at (410) 209-4855.

                                                    Sincerely,

                                                    Vanessa R. Brinkmann
                                                    Senior Counsel