**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RES IPSA MEDIA, LLC            *
d/b/a LAW AND CHAOS PODCAST,    *
                               *
     Plaintiff,               *
                               *
     v.                       *      Civil Action No. 1:25-cv-02866 (ABA)
                               *
DEPARTMENT OF JUSTICE,       *
                               *
     Defendant.            *
                               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S CONSENT MOTION TO STAY BRIEFING OF DEFENDANT'S**
**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Res Ipsa Media, LLC ("Law and Chaos") to respectfully request a stay of the briefing of Defendant's Motion to Dismiss or for Summary Judgment, Dkt. #21, until the Court adjudicates Plaintiff's forthcoming motion to compel Defendant to file an Answer, which will be filed in the next few days. Defendant Department of Justice ("DOJ") consents to this Motion, while its counsel has stated that it will oppose the motion to compel.

Law and Chaos has good cause to request this extension. It filed its Complaint on 29 August 2025, and service was effectuated on 9 September 2025. Pursuant to 5 U.S.C. § 552(a)(4)(C), DOJ was required to file an Answer no later than 9 October 2025. Pursuant to the Court's Minute Order of 10 October 2025, this deadline was extended until 21 November 2025 (43 days later), and the Court additionally ordered the parties to file a Joint Status Report on 26 November 2025. DOJ did not file an Answer on 21 November 2025. On 26 November 2025, DOJ filed a Status Report in which it requested an extension of its deadline for filing an opposition to Law and Chaos's motion for partial summary judgment (filed 30 September 2025) until 26 December 2025, and DOJ finally filed that opposition on 29 December 2025.

At no point did DOJ file the Answer required by 5 U.S.C. § 552(a)(4)(C) and Federal Rule of Civil Procedure 12(a)(2). On 16 January 2026, Law and Chaos explicitly complained about DOJ's non-compliance and explained that "Plaintiff's undersigned counsel has reminded [DOJ]'s counsel multiple times of the need to file an Answer, but [DOJ] continues to violate Rule 12(a)(2)." (Pl.'s Reply Mem. Supp. Its Mot. Part. Summ. J., Dkt. #20, at 4-5 (filed Jan. 16, 2026).) Instead, DOJ filed a motion for summary judgment (which it styled as a "Motion to Dismiss or for Summary Judgment") on 30 January 2026, *seventy days* after its deadline for filing an Answer had passed. DOJ's counsel now claims that the filing of that motion tolled the deadline for filing an Answer pursuant to Rule 12(a)(4).

As a result, Law and Chaos is being forced to oppose a motion for summary judgment without the benefit of a single admission on the record that any of the allegations in the Complaint are true. It therefore will be filing a motion in the next few days asking the Court to compel the filing of an Answer. In that motion, Law and Chaos will demonstrate that DOJ cannot retroactively toll its Answer deadline by filing a summary judgment motion more than two months later and frivolously styling it as a motion to dismiss,[1] as well as showing that DOJ's continuing refusal to file an Answer is prejudicing Law and Chaos by depriving it of evidence to which it is entitled under law. Accordingly, Law and Chaos requests that the briefing of DOJ's summary judgment motion be stayed until the Court has resolved its forthcoming motion to compel.

A proposed Order accompanies this Motion.

---

[1] DOJ even tacitly admits that its invocation of Rule 12(b)(1) is contrary to law. (*See* Def.'s Mem. Law Supp. Mot. Dismiss or Summ. J., Dkt. #12-1, at 6 n.2 (filed Jan. 30, 2026) ("Notwithstanding section 552(a)(4)(B)'s reference to 'jurisdiction' and the aforementioned cases, several courts have found that 'FOIA disputes that pertain to the nature of the records at issue (i.e., are they 'agency records')' relate 'to the merits of a plaintiff's claim that defendant has violated FOIA, rather than a court's authority to adjudicate the case.'").) Merely invoking a rule then stating that courts disagree with the invocation without making any arguments in *support* of your position is a transparent attempt to claim the dilatory benefits of the rule without any justification.

Date:   February 5, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*