UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RES IPSA MEDIA, LLC <br> d/b/a LAW AND CHAOS PODCAST, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 1:25-cv-02866 (ABA) |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE ANSWER

NOW COMES Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast ("Law and Chaos") to respectfully request an Order compelling Defendant Department of Justice ("DOJ") to file an Answer within fourteen days of the issuance of the Order.

As explained in the following memorandum, which has been included in this Motion due to its short length, Law and Chaos has good cause to request this remedy, this Motion is offered in good faith and not for purpose of delay, and denying this Motion will unfairly prejudice Law and Chaos, while granting it will only require DOJ to follow the applicable rules.

DOJ opposes this Motion. A proposed Order is attached to this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

As a result of DOJ's indefensible failure to follow the relevant rules, Law and Chaos is being asked to oppose a motion for summary judgment without the benefit of a single admission on the record that any of the allegations in the Complaint are true. Accordingly, it respectfully asks this Court to compel the filing of an Answer so that this case can proceed according to the standard procedures. DOJ cannot retroactively toll its Answer deadline by filing a summary

judgment motion more than two months later and frivolously styling it as a motion to dismiss, and DOJ's continuing refusal to file an Answer is prejudicing Law and Chaos by depriving it of evidence to which it is entitled under law.

## PROCEDURAL BACKGROUND

Law and Chaos filed its Complaint on 29 August 2025, and service was effectuated on 9 September 2025. Pursuant to the plain language of the Freedom of Information Act ("FOIA"), DOJ was required to file an Answer no later than 9 October 2025. 5 U.S.C. § 552(a)(4)(C). Pursuant to the Court's Minute Order of 10 October 2025, this deadline was extended until 21 November 2025 (43 days later) because of the Government shutdown, and the Court additionally ordered the parties to file a Joint Status Report on 26 November 2025. DOJ did not file an Answer on 21 November 2025, despite its counsel's acknowledgement to the undersigned on 13 November 2025 that its "responsive pleading was due." (McClanahan Decl. ¶ 6, attached as Ex. A.) On 26 November 2025, DOJ filed a Status Report in which it requested an extension *only* of its deadline for filing an opposition to Law and Chaos's motion for partial summary judgment (filed 30 September 2025) until 26 December 2025, and DOJ finally filed that opposition on 29 December 2025.

At no point did DOJ file the Answer required by FOIA and Federal Rule of Civil Procedure 12(a)(2), even though its counsel explicitly acknowledged "the unanswered complaint" on 27 December 2025, two days before DOJ filed its opposition. (*Id.* ¶ 9.) In fact, when the undersigned reminded DOJ's counsel of the need to file an Answer, she responded twice in the same day that she "[didn't] have [DOJ's] answer due, just the opposition to the

[Motion for Summary Judgment]." (*Id.* ¶¶ 10-13 (cleaned up).)[1] On 16 January 2026, Law and Chaos explicitly complained about DOJ's non-compliance and explained that "Plaintiff's undersigned counsel has reminded [DOJ]'s counsel multiple times of the need to file an Answer, but [DOJ] continues to violate Rule 12(a)(2)." (Pl.'s Reply Mem. Supp. Its Mot. Part. Summ. J., Dkt. #20, at 4-5 (filed Jan. 16, 2026).)

Instead of filing an Answer, DOJ filed a motion for summary judgment (which it styled as a "Motion to Dismiss or for Summary Judgment") on 30 January 2026, *seventy days* after its deadline for filing an Answer had passed. DOJ's counsel now claims that the filing of that motion tolled the deadline for filing an Answer pursuant to Rule 12(a)(4). (*See* McClanahan Decl. ¶ 16 ("We filed an MTD/MSJ, so there is no legal obligation to file an Answer until after the court rules on the MTD.").)

## ARGUMENT

**I.    A MOTION FOR SUMMARY JUDGMENT DOES NOT TOLL THE DEADLINE TO FILE AN ANSWER**

The Federal Rules of Civil Procedure draw a clear distinction between Rule 12 motions to dismiss and Rule 56 motions for summary judgment. Only motions brought under Rule 12 alter the time to serve a responsive pleading. Fed. R. Civ. P. 12(a)(4). A motion for summary judgment under Rule 56 is not listed among them. The omission is intentional and reflects the different purposes of those motions. Courts and commentators uniformly recognize this distinction. A motion for summary judgment "does not extend the time to serve a responsive pleading unless the court orders otherwise." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed.). Summary judgment addresses whether the evidence

---

[1] To be accurate, DOJ counsel's first statement was "I didn't have our answer due, just the opposition to the MSJ" and her second statement was "I don't have our answer as being due, only the opp to the MSJ." (*Id.*) These two statements have been harmonized herein for ease of reading.

warrants judgment as a matter of law; it is not a substitute for the pleading function of an Answer.

Multiple courts inside and outside this Circuit addressing similar procedural questions have enforced the obligation to answer notwithstanding the pendency of dispositive motions. *See Jinks v. Sea Pines Resort, LLC*, No. 21-138, 2021 U.S. Dist. LEXIS 95166, at *8 (D.S.C. May 19, 2021) ("The question of whether service of a motion for summary judgment under Rule 56 similarly tolls this deadline does not appear to have been addressed by the Fourth Circuit or this district, but the plain language of Rule 12(a)(4) indicates that it does not."); *see also Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) ("While serving a Rule 12 motion tolls [this] deadline . . . filing a Rule 56 motion has no such effect"); *Fowler v. Fischer*, No. 13-6546, 2016 U.S. Dist. LEXIS 16278, at *4 n.2 (W.D.N.Y. Feb. 10, 2016) ("Although Defendants appear to believe that a motion for summary judgment filed in lieu of an answer stays the deadline for filing a responsive pleading under Rule 12(a), . . . it is far from clear that it does so"); *Ricke v. Armco, Inc.*, 158 F.R.D. 149, 149-150 (D. Minn. 1994) (finding that where defendant's "motion to dismiss" was not expressly made under Rule 12 and was substantively a motion for summary judgment, the deadline for filing an answer was not suspended).

These decisions reflect the rule's plain language: only Rule 12 motions toll the answer deadline. Unless and until the Court orders otherwise, DOJ's Answer remains due under Rule 12(a)(4) and FOIA. Furthermore, the relief Law and Chaos requests is not novel; it has been ordered by another court in this Circuit in comparable circumstances. In *Kimbler v. Spear*, the court in the Western District of Virginia grappled with this same question, concluding, "While it is unclear whether a Rule 56 motion operates to toll the defendants' response deadline, I need not decide the question, but I will require the defendants to now file an answer." No. 16-47, 2017

U.S. Dist. LEXIS 54868, *7 (W.D. Va. Apr. 11, 2017). That court explicitly found that "due to the defendants' failure to file an answer," the plaintiff lacked "factual information regarding the defendants' position," *id.*, and ordered the defendants to file an Answer "in no event later than 14 days from [the] date [of the order]." *Id.* at *10. Law and Chaos seeks this exact relief: no more and no less.

## II.   DOJ FILED A MOTION TO DISMISS IN NAME ONLY

On its face, DOJ's motion is clearly a motion for summary judgment creatively styled as a "Motion to Dismiss or for Summary Judgment." The totality of DOJ's argument for why the Court should find that it lacks subject matter jurisdiction is *one paragraph* in the "Legal Standards" section describing the legal standard for a Rule 12(b)(1) motion and loosely tying it to the concept of "agency records." (Def.'s Mem. Law Supp. Mot. Dismiss or Summ. J., Dkt. #12-1, at 5-6 (filed Jan. 30, 2026). DOJ then immediately admits that its invocation of Rule 12(b)(1) is contrary to law. (*See id.* at 6 n.2 (filed Jan. 30, 2026) ("Notwithstanding section 552(a)(4)(B)'s reference to 'jurisdiction' and the aforementioned cases, several courts have found that 'FOIA disputes that pertain to the nature of the records at issue (i.e., are they 'agency records')' relate 'to the merits of a plaintiff's claim that defendant has violated FOIA, rather than a court's authority to adjudicate the case.'").) DOJ never mentions subject matter jurisdiction again. Merely invoking a rule then stating that courts disagree with the invocation without making any arguments in *support* of your position is a transparent attempt to lay claim to the dilatory benefits of the rule without any justification.

DOJ's abuse of the process is further exacerbated by the fact that, while it cited to a D.C. District Court case—*Cause of Action Inst. v. IRS*, 390 F. Supp. 3d 84 (D.D.C. 2019)—for the statement that "several courts" disagreed with its interpretation, it noticeably omitted the fact that

5

*a court in this District* also did so. *See McKenzie-El v. IRS*, No. 19-1956, 2020 U.S. Dist. LEXIS 31455, at *25-26 (D. Md. Feb. 24, 2020) (soundly rejecting agency's Rule 12(b)(1) invocation, citing *Cause of Action*, and deciding motion solely based on Rule 12(b)(6)).

The court in *Ricke* faced a similar—but not identical—scenario. In that case, the defendant "title[d] its substantive motion a 'Motion to Dismiss,' [but] it [did] not identify a corresponding Rule or standard of review." 158 F.R.D. at 149 ("Armco's Notice of Motion and Motion simply states that it is based 'upon the Federal Rules of Civil Procedure.'"). While DOJ has cited—albeit cursorily—to Rule 12(b)(1), that is where the distinctions between the cases end. The remainder of the relevant holding could be describing this case:

> Second, Armco's motion is accompanied by numerous exhibits and supporting documents, all of which clearly involve "matters outside the pleadings." As a result, it is patently obvious that Armco's motion is a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For these reasons, the Court has no hesitancy in concluding that Armco has labeled its Motion for Summary Judgment a "Motion to Dismiss" simply to *avoid* filing an answer. Such an attempt to manipulate the Federal Rules of Civil Procedure should not be condoned or encouraged by the Court. . . . A litigant should not be permitted to gain an advantage by intentionally mislabeling a filing.

*Id.* at 150 (ordering defendant to serve an Answer within ten days) (citations omitted).

In this case, DOJ bases its motion entirely on a sworn declaration purporting to describe efforts to ascertain how DOJ obtained the document in question (Brinkmann Decl. Dkt. #21-2, ¶ 21 (filed Jan. 30, 2026)) as well as describing information allegedly "conveyed to" the declarant by "an assistant general counsel for the Judiciary within the Administrative Office [of U.S. Courts]." (*Id.* ¶¶ 16-20.) Even setting aside the question of whether this testimony is admissible, it clearly "involves matters outside the pleadings." *Ricke*, 158 F.R.D. at 150. There is no part of DOJ's motion that can fairly be called a Rule 12 motion, and its failure to inform the Court that

Judge Hollander had already rejected this same argument in *McKenzie-El* highlights the fact that DOJ *knows* that this is not a legitimate Rule 12 motion and chose this course of action anyway.

Moreover, DOJ's consistent refusal to file an Answer for *seventy days* before filing its motion for summary judgment supports Law and Chaos's argument that this Court should follow the *Ricke* court. In this way, this case is even more clear-cut than *Ricke* and the other cases cited above. In each of those cases, the defendant at least filed a motion for summary judgment and then argued that it did not have to file an Answer. In this case, DOJ filed an *opposition* to *Law and Chaos's* motion for partial summary judgment (without filing any motion of its own of *any* kind) and then acted as though simply opposing the plaintiff's motion meant that it did not have to file an Answer. (McClanahan Decl. ¶¶ 10-13.) DOJ cannot be allowed to bootstrap its 70-day unlawful refusal to file an Answer into a Court-approved delay by filing a motion of its own at a more convenient time of its choosing.[2]

## III. ANSWERS SERVE CRITICAL FUNCTIONS THAT SUMMARY JUDGMENT CANNOT REPLACE

An Answer is not a procedural formality. It performs essential functions in defining the scope of the dispute and ensuring orderly litigation. The Federal Rules of Civil Procedure reflect a deliberate sequence: Complaint, Answer, discovery, and then dispositive motions. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (holding that summary judgment depends on a properly developed record). Skipping the Answer stage collapses this structure and creates uncertainty about the parties' positions. Permitting a defendant to delay answering while pursuing summary judgment invites gamesmanship. A party could argue that factual disputes remain unresolved while refusing to admit or deny the very allegations that

---

[2] In anticipation of the possibility that DOJ may simply ask the Court to retroactively extend its deadline to answer or otherwise respond to the Complaint until 30 January 2026, the Court should decline to do so, since that would not resolve the problem of the 30 January 2026 motion being frivolously styled as a Rule 12 motion.

would clarify those disputes. This approach frustrates Rule 8's purpose and burdens the Court with avoidable ambiguity.

### A. Answers Narrow the Issues Through Admissions and Denials

Rule 8(b)(1) requires a defendant to "admit or deny the allegations asserted." Fed. R. Civ. P. 8(b)(1). This mechanism is designed to identify undisputed facts early and to narrow the scope of litigation. Admissions in an answer are binding statements of position and may establish facts for purposes of summary judgment and trial. *See Worsham v. Accounts Receivable Mgmt.*, 497 F. App'x 274, (4th Cir. 2012) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.") (quoting *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985)); *Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314-15 (8th Cir. 1990) (stating that admissions in pleadings are binding). Without an Answer, the Court lacks a clear statement of which allegations are admitted, denied, or claimed to be unknown. Motions briefing is not an adequate substitute for categorical admissions and denials required by Rule 8. Rule 8(b) is intended "to focus the litigation on those issues that are actually in dispute." Allowing DOJ to proceed directly to summary judgment while withholding an Answer deprives both Law and Chaos and the Court of this core issue narrowing function.

### B. Answers Provide an Evidentiary Baseline

Admissions in an Answer may be used as evidentiary predicates in later proceedings. Courts routinely rely on pleadings to determine which facts are undisputed. *See Am. Title Ins. Co. v. East West Fin.*, 959 F.2d 345, 349 n.4 (1st Cir. 1992) (stating that judicial admissions in pleadings are conclusive); *see also Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004) (stating that judicial admissions in general are "conclusive in the case"). If DOJ is

permitted to avoid answering, it can maintain ambiguity about its position on key allegations while simultaneously arguing that factual disputes preclude or warrant summary judgment. This undermines the clarity the Rules are designed to promote and prejudices Law and Chaos, which will be required to argue against this artificial uncertainty when it is entitled to binding judicial admissions in the form of a proper Answer.

## CONCLUSION

DOJ has refused to comport with both the FOIA statute and the Federal Rules of Civil Procedure for over two months, and it shows no sign of stopping. Allowing DOJ to bypass this critical step undermines the structure and fairness of this litigation. This Court should compel DOJ to file an Answer within fourteen days of its order to place this litigation back into the proper posture.

Date:   February 9, 2026

                                      Respectfully submitted,

                                      /s/ Kelly B. McClanahan
                                      Kelly B. McClanahan, Esq.
                                      MD Bar #31832
                                      National Security Counselors
                                      1451 Rockville Pike
                                      Suite 250
                                      Rockville, MD  20852
                                      501-301-4672
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiff*