UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RES IPSA MEDIA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 1:25-cv-02866-ABA |

**OPPOSITION TO "MOTION TO COMPEL DEFENDANT TO FILE ANSWER"**

Defendant, by and through undersigned counsel, opposes Plaintiff's "Motion to Compel Defendant to File Answer," ECF No. 24, which is procedurally improper[1] and factually and legally unsupportable. In further support:

**INTRODUCTION/FACTUAL BACKGROUND**

The facts and procedural posture of this matter are set forth in Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 21), and are incorporated as if fully set forth herein. Several additional facts, however, are relevant to the Court's consideration of Plaintiff's Motion:

1.     This matter arises out of Plaintiff's August 29, 2025 filing of a Complaint under the Freedom of Information Act ("FOIA") which seeks: (1) an expedited response to Plaintiff's FOIA request for the production of "Attachment A"; and, (2) the production of "Attachment A." *See generally*, ECF No. 1.  When Plaintiff filed the Complaint, it alleged that its FOIA request

---

[1] Fed. R. Civ. P. 55(d) governs default judgments against the United States, which may only be entered if the plaintiff "establishes a claim or right to relief by evidence that satisfies the court."

remained pending. *Id*. Plaintiff therefore purported to assert four causes of action under FOIA: Expedited Processing Denial (First Cause of Action); Improper Placement on Complex Track (Second Cause of Action); Constructive News Media Denial (Third Cause of Action); and, Constructive Records Denial (Fourth Cause of Action). *Id*. For relief (among other things), Plaintiff asks for an order requiring the Department to "expeditiously process its request" or "place the request in Track 2[;]" and, ultimately, release Attachment A. *Id*., Prayer for Relief.

2.  On September 30, 2025, before the Department's October 9, 2025 responsive pleading deadline, Plaintiff filed a Motion for Partial Summary Judgment. ECF No. 6. Plaintiff only asked for judgment on its First Cause of Action, "Expedited Processing Denial," and for an order requiring the Department "to process its FOIA request" for Attachment A "in an expedited fashion" or "as soon as practicable." *Id.*, pp. 2, 15.

3.  The very next day, the appropriations act that had been funding the Department lapsed, which prohibited the Department, its employees, and its attorneys from working except in very limited circumstances, none of which applied. ECF No. 10. With Plaintiff's consent, the Department moved to stay this matter until Congress restored appropriations. *Id*. The Court granted the Department's Motion and ordered the parties to file a joint status report with a proposed amended scheduling order within fourteen days of the reinstatement of appropriations. ECF No. 11.

4.  Appropriations were restored on November 12, 2025, and the Department returned to work. The very next day, defense counsel e-mailed Plaintiff's counsel to inquire about extending deadlines to respond to the Complaint/Partial MSJ. *See* E-mail Exchange Between Counsel, attached hereto as Exhibit A, pp. 1-2. Plaintiff, through counsel, responded:

> I'm guessing you haven't read the MSJ. It's to compel DOJ to do expedited processing. If DOJ agrees to do [expedited processing], then you can have 60 days to respond, but if it continues to hold the line, then **briefing** needs to be done ASAP.

*Id*. p. 1 (emphasis added). Defense counsel responded, "you are right [I haven't read the MSJ]– I'll take a look at the MSJ and confer with my clients and get back to you[,]" *id*., and, on November 26, 2025, filed a status report seeking an additional 29 day to respond to Plaintiff's Motion for Partial Summary Judgment; or, that it be excused from so responding if it issued a final response to Plaintiff on or before the 29th day, since any such response would moot Plaintiff's Motion. ECF No. 12. Plaintiff filed a Status Report on December 5, 2025, and asked the Court to "adjudicate the question of expedited processing in an expeditious manner[,]" and "insist" that Defendant "file an answer" by December 26 if it refused to release Attachment A. ECF No. 13. Notwithstanding Plaintiff's request, the Court entered an order on December 8 ordering Defendant to respond to Plaintiff's Motion for Partial Summary Judgment by December 26, 2025. ECF No. 14.

5.  On December 23, 2025, the Department responded to Plaintiff's FOIA request by determining that the document requested "is a record of the judiciary and therefore is not an 'agency record' subject to the FOIA." ECF No. 15-1. This necessarily mooted Plaintiff's Motion for Partial Summary Judgment which, as set forth above, was limited to Plaintiff's request for expedited processing. ECF No. 6; *see also* ECF No. 15.

6.  Given that the Department responded to Plaintiff's FOIA request, the causes of action in Plaintiff's Complaint, which concern the Department's alleged failure to process the request, including on an expedited basis, were likewise moot or factually unsupportable. By making a final determination on the document requested, the Department necessarily processed the FOIA request. *Id*.; *see also, e.g., Worsham v. U.S. Dep't of the Treasury*, 2013 WL 5274358,

at *10 (D. Md. Sept. 17, 2013) ("once an agency has responded to a request, the only issue for [a] Court to consider . . . is whether the [agency's] response complies with its obligations under FOIA").

7. As such, on December 26, 2025, defense counsel sought to confer with Plaintiff's counsel about how to proceed, including whether Plaintiff intended to amend the Complaint:

> Kel, now that this response has been provided, I am going to ask the Court to deny the partial MSJ as moot. I anticipate that you will be amending your Complaint (but let me know if I'm wrong). How do you want to advise the Court? Happy to join in on a joint status report – I envision advising the Court of a date by which any amended complaint will be filed and a proposed response deadline, with the Court entering a scheduling order in due course.

*See* Exhibit A, p. 7.

In response, Plaintiff appeared to conflate its request for processing (expedited or otherwise), which is the bulk of its Complaint, with its ultimate request that the Department release the record:

> I will not be amending the complaint because DOJ still has to prove that it properly applied FOIA, which it did not. You are of course free to argue in your opposition that summary judgment should be denied due to mootness, but we do not concede that, **since DOJ has not released any records or parts of records, and has not in fact processed this record for release *at all*, choosing instead to argue that it is not subject to FOIA.** At the point when DOJ begins processing the request, whether voluntarily or by court order, it will still need to process it expeditiously, which means that SJ is still proper unless DOJ agrees to expedited processing at such future time.

*Id*., p. 6 (emphasis added). Defense counsel responded, acknowledging the somewhat procedural quagmire the Parties were in:

> I understand your position. Given the shut down , your motion, and the unanswered complaint, I still think a status report would be useful so the Court knows the parties plans, or a motion to stay pending the ruling on the MSJ.

*Id.* Plaintiff responded: "**I think that we're going to need to set a briefing schedule for the motions for summary judgment, yes**" (emphasis added). *Id*., p. 5. Counsel also stated that

it was his "understanding that [Defendant's] answer and oppo were due yesterday[,]" and the Department explained that it did not have the answer being due, only its Opposition to Plaintiff's Motion for Partial Summary Judgment.  *Id*.; *see also* ECF No. 14.

8. Plaintiff **then suggested that the Parties proceed with cross-motions for summary judgment** on the issue of whether the Department "properly processed the FOIA request":

> The normal process is for the Government to file a motion for summary judgment because it's your burden to show that the agency properly processed the FOIA request. Then I file a cross-motion with my oppo.
>
> Given the urgent need for these records, that should happen soon, especially since your motion won't require extensive declarations. []

Ex. A, p. 3.  The Department responded: "Yes that works, let me get back to you tomorrow with a proposed filing deadline[,]" *id*., and on the Parties' motion, the Court entered a briefing schedule for the proposed cross-motions.  On January 30, 2026, the Department filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.  ECF No. 21.

## LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) "tolls the time period for serving an answer until the court denies the motion, postpones its disposition until trial, or grants a motion for a more definite statement[,]" unless the Court rules otherwise.  Fed. R. Civ. P. 12(a)(4); *See Okere v. High*, 2016 WL 7405434, at *2 (D. Md. Dec. 22, 2016), *aff'd*, 684 F. App'x 290 (4th Cir. 2017).

# ARGUMENT

**A.     Defendant Filed a Valid Rule 12(b)(1) Motion which the Court Must Consider Before Reaching the Merits.**

A 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction challenges the Court's "competence or authority to hear [a] case[,]" and may be raised by a party or the Court "at any stage in the litigation, even after trial and the entry of judgment." *Elliott v. USDA*, 2023 WL 4175355, at *2 (D. Md. June 26, 2023); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception").

As set forth in Defendant's dispositive motion, many courts, *including this one*, conclude that the requirement that the materials sought by a FOIA requester be "agency records" is jurisdictional, because only when an agency withholds an "agency record" does the court have authority to compel disclosure. *See, e.g.,* ECF No. 21-2, pp. 5-6 (citing cases). Plaintiff does not contend with these cases or with their conclusion that "[j]udicial authority to devise remedies and enjoin agencies can only be invoked, by the jurisdictional grant conferred" by FOIA § 552, if the agency has (1) "improperly, (2) "withheld", (3) "agency records." *Id*. Instead, Plaintiff takes the bizarre and unsupportable positions that: (1) because the Department purportedly only relied on one paragraph to explain its jurisdictional position; (2) pointed out that other Courts consider disputes pertaining to the nature of the records to be merits-based rather than jurisdictional; and, (3) failed to raise completely inapposite cases, the Department is "abus[ing]" process and attempting to skirt its responsive pleading obligations. ECF No. 24, pp. 5-7.[2]

---

[2] In arguing that because the Department attached an affidavit to its Motion there is "no part" of the Motion that "can fairly be called a rule 12 motion," ECF No. 24, p. 6, Plaintiff appears to ignore that when a defendant challenges subject matter jurisdiction under Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp*., 166 F.3d 642, 647 (4th Cir. 1999).

Defendant has done no such thing. As to Plaintiff's first contention, the Department recognizes that whether Attachment A is an "agency record" may go to jurisdiction or to the merits; it therefore makes logical sense for the Court to consider the arguments together. ECF No. 21-1, p. 7 n.5. As to the second, though the Department is only obligated to disclose "controlling" legal authority that is "directly adverse" to its position, *see, e.g., McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 440–41, & n.14 (1988), and here, the Department identified outside-of-circuit cases that decided the "agency record" issue on the merits, the Department's conscious decision to identify these cases cannot be said to be anything other than fulfilling its ethical obligations, notwithstanding Plaintiff's baseless contentions. ECF No. 24, p. 5.

Finally, the cases Plaintiff cites are wholly inapplicable to the issue before this Court. In *McKenzie-El v. IRS*, 2020 WL 902546, (D. Md. Feb. 24, 2020), for example, the Court **clearly** did not "reject[] the same argument" asserted here such that DOJ "*knows*" that its Rule 12 motion is "not [] legitimate." ECF No. 24, p. 7 (emphasis in original). In fact, the *McKenzie-El* Court did not **at all** consider the question of whether the requested documents were "agency records[,]" and whether that question went to jurisdiction or to the merits. Instead, this Court rejected the IRS's jurisdictional argument as it related to administrative exhaustion, but nonetheless dismissed the case as "premature" because the plaintiff did not "adequately allege[] that he ha[d] exhausted his administrative remedies[.]" *Id*. at 10.

*Ricke v. Armco, Inc.,* 158 F.R.D. 149 (D. Minn. 1994), on which Plaintiff also relies, ECF No. 24, pp. 4, 6, is even further afield. In that case, the defendant filed a Motion to Dismiss and a "Motion [] to Confirm that an Answer Need to be Filed until after the Court rules" on the Motion to Dismiss, but failed to identify a rule/corresponding standard of review in the Motion to Dismiss and attached to it numerous exhibits and supporting documents. *Id*. at 149. "As a result, it [was]

patently obvious" that the Motion to Dismiss was, in reality, a Motion for Summary Judgment, such that defendant could not avoid its answer obligation. *Id*.

Unlike in *Ricke*, the Department's motion identifies the relevant legal standard (Rule 12(b)(1)) and applicable case law supporting its position that the Court lacks jurisdiction because Attachment A is not an "agency record" subject to FOIA disclosure. There is simply no basis to conclude that the Department's Motion is groundless; to the contrary, it is legally supportable. Plaintiff's Motion to Compel an Answer should be denied.

**B.     Plaintiff Fails to Identify the Additional Information It Needs to Respond to the Motion.**

Plaintiff's Motion to Compel an Answer separately fails because, though Plaintiff argues that "[s]kipping the Answer stage [] creates uncertainty about the parties' position," ECF No. 24, p. 7, there is **no uncertainty** about Defendant's position: Attachment A is not an agency record subject to the FOIA. Defendant is not attempting to argue that "factual disputes remain unresolved while refusing to admit or deny the very allegations that would clarify those disputes." ECF No. 24, pp. 7-8. Assuming the Court has jurisdiction, Defendant maintains that there are no material facts in dispute such that it is entitled to summary judgment. *See generally*, ECF No. 21-1.

Though Plaintiff contends that it needs the Department to answer the Complaint so that the Court has more information and to create an "evidentiary baseline," the Department's response to Plaintiff's FOIA request renders Plaintiff's Complaint legally and factually unsupportable. All of Plaintiff's causes of action concern the Department's alleged denial (constructive or otherwise) of Plaintiff's request for expedited processing and of the processing of its request for Attachment A substantively. *See generally*, ECF No. 1. Plaintiff refused to amend its Complaint after the Department processed the FOIA request; and thus, by agreement, the Parties proceeded with preliminary dispositive motions on the substantive issue of whether the Department's

determination was proper. ECF No. 21-1, n.1. This Court should deny Plaintiff's attempt to veer off the course it charted and to confuse the substantive issues presented in this matter, particularly when the Court may lack jurisdiction over this case in the first instance.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion to Compel be **DENIED**.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

*/s/ Melissa E. Goldmeier*
Melissa E. Goldmeier (No. 18769)
Assistant United States Attorney
United States Attorney's Office
District of Maryland
36 South Charles Street, Fourth Floor
Baltimore, Maryland, 21201
(410) 209-4855
Melissa.Goldmeier@usdoj.gov