UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RES IPSA MEDIA, LLC<br>d/b/a LAW AND CHAOS PODCAST,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:25-cv-02866 (ABA)<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL DEFENDANT TO FILE ANSWER**

Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast ("Law and Chaos") made a simple request: that Defendant Department of Justice ("DOJ") obey the Federal Rules of Civil Procedure. Law and Chaos only did so after attempting on numerous occasions to avoid burdening the Court with this matter. But DOJ declined to comply. This Motion never should have been necessary in the first place, and the fact that Law and Chaos is forced by DOJ's ongoing intransigence to file an actual substantive reply demonstrates how far DOJ's conduct in this case "falls short of the level of representation that this Court [should] expect[] of a United States government agency," *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 139 (D.D.C. 2013).

DOJ's Opposition (Def.'s Opp'n "Mot. Compel Def. to File Ans.," Dkt. #25, at 4-5 (filed Feb. 20, 2026) [hereinafter DOJ's Opp'n]), misapprehends Law and Chaos's legal argument, to the extent it addresses it at all. In citing *McKenzie-El v. IRS*, No. 19-1956, 2020 U.S. Dist. LEXIS 31455 (D. Md. Feb. 24, 2020), Law and Chaos drew this Court's attention to the fact that Judge Hollander held that Rule 12(b)(1) was inapplicable in Freedom of Information Act

("FOIA") cases like this one because the statutory use of the term "jurisdiction" does not refer to subject-matter jurisdiction. Indeed, Judge Hollander cited the *exact same* case that DOJ cites as authority contrary to its stated position, *Cause of Action v. IRS*. *See id.* at *25-26. DOJ's argument that the Court in *McKenzie-El* did not "consider the question of whether the requested documents were 'agency records'" (DOJ Opp'n at 7) is the proverbial distinction without a difference. If FOIA's use of "jurisdiction" does not refer to subject-matter jurisdiction, it *does not refer to subject-matter jurisdiction*; it does not matter which part of FOIA the Government is citing.

Similarly, DOJ's contention that *Ricke v. Armco, Inc.,* 158 F.R.D. 149 (D. Minn. 1994), is distinguishable simply because the defendant in that case did not explicitly cite Rule 12(b)(1) (*see* DOJ Opp'n at 7-8) misses the point. DOJ asks the Court to conclude that the lesson of *Ricke* was that a defendant may avoid the result there simply by tacking a talismanic invocation of Rule 12(b)(1) onto a routine motion for summary judgment. According to DOJ, all that matters is that the defendant uses the right "magic words" when converting a Rule 56 motion into a Rule 12(b)(1) and Rule 56 motion, and the substance of the motion is meaningless.

Shorn of its misrepresentation of case law, DOJ resorts to misconstruing the facts. DOJ appears to take the position—without stating it outright—that because the undersigned stated "**I think that we're going to need to set a briefing schedule for the motions for summary judgment, yes,**" and "**then suggested that the Parties proceed with cross-motions for summary judgment** on the issue of whether the Department 'properly processed the FOIA request'" (DOJ's Opp'n at 4-5), that this somehow constituted Law and Chaos's agreement that an Answer was not necessary at this time. Not so.

2

To the extent that DOJ contends that the undersigned's email statements constituted an implicit waiver, that assertion is patently untrue.[1] Indeed, *in the same paragraph* DOJ concedes that the undersigned "also stated that it was his 'understanding that [Defendant's] *answer* and oppo were due'" on 26 December 2025. (*Id.* at 4-5 (emphasis added).) Obviously, if the undersigned kept mentioning the Answer deadline, Law and Chaos intended for DOJ to answer its Complaint. Regardless of what DOJ's counsel "explained" about her perception regarding the Answer deadline (*id.* at 5), the record shows that the undersigned clearly did not agree with that assessment and in fact opposed it consistently and aggressively.

However, even if the undersigned *had* expressed willingness to allow DOJ to omit the filing of an Answer—which he did not—such a statement would not relieve DOJ of its legal burden to file an Answer; such duties cannot be waived, and they definitely are not subject to a defendant's opinion on the matter. In this respect, it does not matter if the defendant is the Department of Justice or a private citizen: "The Federal Rules of Civil Procedure and the case law applying them apply equally to all parties." *Pogue v. v. Northwestern Mut. Life Ins. Co.*, No. 14-598, 2016 U.S. Dist. LEXIS 58405, at *11 (W.D. Ky. May 2, 2016). To the extent that DOJ might be suggesting that its failure to file an Answer was due to a misunderstanding, the facts belie that implication. If DOJ had simply misunderstood the undersigned's meaning and believed that Law and Chaos did not expect it to file an Answer, it would not have filed an Opposition to this Motion: *it would have filed an Answer*. This leads to no other conclusion than that, as Law and Chaos argued, DOJ "has labeled its Motion for Summary Judgment a 'Motion to Dismiss' simply to *avoid* filing an answer . . . to gain an advantage by intentionally mislabeling a filing." *Ricke*, 158 F.R.D. at 150.

---

[1] DOJ's final characterization of this Motion as "Plaintiff's attempt to veer off the course it charted" (*id.* at 9) strongly supports the latter reading.

DOJ's stubborn resistance in this matter is best understood in light of its submissions to this Court. While DOJ opens its Argument section with the undisputed statement that a Rule 12(b)(1) "may be raised by a party or the Court 'at any stage in the litigation, even after trial and the entry of judgment'" (DOJ's Opp'n at 6 (quoting *Elliott v. USDA*, No. 22-142, 2023 U.S. Dist. LEXIS 110534, at *4 (D. Md. June 26, 2023))), but no court has ever blessed such a construction *after* a party has willfully refused to answer a Complaint for an extended period of time.

According to DOJ, though, it does not matter if a defendant refuses to file an Answer for days, weeks, or months, because it can always automatically and unilaterally grant itself a retroactive reprieve from the consequences of that inaction by simply filing a Rule 12(b)(1) motion "at any stage in the litigation." And that is exactly what DOJ did here. DOJ's Answer was due on 29 December 2025. DOJ did not want to file an Answer on 29 December 2025. But it did not seek an extension of that deadline from the Court, knowing that Law and Chaos opposed it. So DOJ just *did not file an Answer*.

Indeed, DOJ continued to not file an Answer for 31 more days.[2] Then, 32 days after the Answer was due, DOJ filed what it styled a Rule 12(b)(1) motion. According to DOJ, the mere fact that it filed something over a month later, cursorily citing Rule 12(b)(1), automatically forgives the 31 days in which it refused to comply with the Rules. DOJ effectively seeks this Court's endorsement of its contention that it has the luxury of simply refusing to file an Answer in civil cases, as long as it eventually files a motion citing Rule 12(b)(1).

This cannot be the law. No party—not even the Department of Justice—may retroactively grant itself an extension to a deadline established by the Federal Rules. Had DOJ wished to toll its deadline for filing an Answer because it was intending to file a Rule 12(b)(1)

motion, it could have asked the Court to do so. It did not. Instead it belatedly asked the Court to allow it to file "Defendant's Motion for Summary Judgment" on 16 January 2026 (J. Stat. Rep., Dkt. #16, at 1 (filed Dec. 29, 2025)) and then asked the Court to extend the deadline "to file Defendant's Motion for Summary Judgment" for fourteen *more* days. (Def.'s Consent Mot. Modify Briefing Sched. by 14 Days, Dkt. #18, at 1 (filed Jan. 7, 2026).) As a courtesy, Law and Chaos agreed to both of these proposals in part because DOJ's counsel *never indicated* that it was intending to file a Rule 12(b)(1) motion to toll the Answer deadline. (*See*, *e.g.*, Email from Goldmeier to McClanahan of 12/27/25, Dkt. #25-1, at 4 (filed Feb. 20, 2026) ("Are you intending to file another MSJ? If so we should propose a briefing schedule because *I anticipate a cross - MSJ*.") (emphasis added).)

DOJ then attempts to minimize the inescapable fact that its *entire discussion* of Rule 12(b)(1) was a single paragraph (DOJ's Opp'n at 6), arguing in effect that all a defendant needs to do to convert a routine Rule 56 motion for summary judgment into a Rule 12(b)(1) motion to dismiss is to include a brief summary of Rule 12(b)(1) and never mention it or jurisdiction again. The case law tells a different story. In this Circuit—and most courts—"undeveloped and perfunctory arguments are deemed waived." *Horsetail Techs., LLC v. Del. State Police Fed. Credit Union*, No. 18-556, 2020 U.S. Dist. LEXIS 107916, at *55 (D. Md. June 19, 2020); *see also Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012) (holding that an issue was waived when a party included it in a heading, but did not otherwise develop the argument); *Long v. Teachers Ret. Sys.*, 585 F.3d 344, 349 (7th Cir. 2009) ("Unsupported and undeveloped arguments are waived."); *accord Lab. Corp. of Am. Holdings v. Kearns*, 84 F. Supp. 3d 447, 459-60 (M.D.N.C. 2015). The Court cannot endorse the legal theory that a defendant may

---

[2] Law and Chaos refers to the 32-day delay herein rather than the 70-day delay discussed in its Motion simply to illustrate that even if the Court forgives DOJ's failure to file an Answer before 29 December, DOJ remained non-

effectively toll its Answer deadline by filing a belated motion in which the Rule 12(b)(1) argument would automatically be deemed waived.

Ultimately, DOJ's Opposition reveals the true reason it refuses to file an Answer: *it maintains that it does not need to*. According to DOJ, there is no information that it could put in an Answer which would change the outcome of the case. "Assuming the Court has jurisdiction, Defendant maintains that there are no material facts in dispute such that it is entitled to summary judgment." (DOJ's Opp'n at 8.)

That is not the law. If it were, then a Rule 56 motion—which by definition requires the filing party to maintain that there are no material facts in dispute—would have been included in the list of motions which toll the Answer deadline. As Law and Chaos noted in its Motion, it is not. *See* Fed. R. Civ. P. 12(a)(4). A motion for summary judgment "does not extend the time to serve a responsive pleading unless the court orders otherwise." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed.). Accordingly, this argument is a frivolous attempt to excuse DOJ from a generally applicable rule of civil procedure when it is inconvenient.

Although DOJ maintains that "there is **no uncertainty** about Defendant's position" (DOJ's Opp'n at 8), that is not the case. To the contrary, the Brinkmann Declaration includes multiple statements expressing ignorance of key material facts, including, for example:

- "[T]he Judiciary . . . has not been able to identify a source of transmission of 'Attachment A' from within the Judiciary to the Department" (Brinkmann Decl., Dkt. #21-2, ¶ 19 (filed Jan. 30, 2025));

compliant for a month longer.

- "Searches conducted of DOJ leadership office officials' Departmental email accounts using e-discovery software revealed no electronic trail indicating transmission of 'Attachment A' into the Department" (*id.* ¶ 21);

- "[N]or has OIP's point of contact within OAG been able to identify how 'Attachment A' was received by the Department" (*id.*); and

- "OIP . . . did not find any indication that the document was officially transmitted to DOJ by the Judiciary" (*id.* ¶ 23).

To this day, DOJ even refuses "to confirm or deny the validity of the copy of the Boasberg Complaint published by the media source cited by Plaintiff." (*Id.* at 2 n.1.) Law and Chaos is legally entitled to have DOJ state its position for the record.

In a motion for summary judgment, a party is allowed to submit a sworn declaration comprised of technically true statements which use very careful terminology to support a narrative. In this case, the Brinkmann Declaration uses precise statements to support a conclusion that "the document was [not] officially transmitted to DOJ by the Judiciary." (*Id.* ¶ 23.) It states that searches of email accounts revealed no clues regarding how DOJ obtained Attachment A, but it does not state that the Attorney General or her Chief of Staff *did not know how they obtained it*. In this case, how that document ended up in DOJ custody—and in fact what it is *at all*—is critically important to the adjudication of DOJ's dispositive motion. It is therefore critically important that DOJ be required to actually formally admit or deny the allegations in Law and Chaos's Complaint, which include, for example:

- "The Boasberg Complaint stated that it was filed 'at the direction of the Attorney General' and on behalf of DOJ" (Compl., Dkt. #1, ¶ 8 (filed Aug. 29, 2025) (quoting the complaint that DOJ refuses to confirm or deny the authenticity of));

7

- Multiple quotations from the complaint that DOJ refuses to confirm or deny the authenticity of (*id.* ¶¶ 10-11);

- "Upon information and belief, DOJ provided copies of the Boasberg Complaint to representatives of the media, who then quoted from it and occasionally published the full document" (*id.* ¶ 14);

- "Upon information and belief, the 'memorandum obtained exclusively by the Federalist' referenced in [an article by Margot Cleveland] is the document included with the Boasberg Complaint as 'Attachment A'" (*id.* ¶ 18);

- "Regardless of how DOJ obtained the document it included with the Boasberg Complaint as 'Attachment A,' it undeniably did obtain it, and it equally undeniably attached at least sixteen pages of it to the Boasberg Complaint, which it then delivered to Chief Judge Srinivasan" (*id.* ¶ 21);

- "Law and Chaos's request is for a single recent document of approximately twenty pages which can be easily located within the Office of the Attorney General" (*id.* ¶ 37); and

- "[T]his document was obtained from an unknown source outside the Executive Branch" (*id.*).

Law and Chaos asks this Court to treat DOJ like any other Defendant. In contrast, DOJ asks this Court to let it—and only it!—decide what pleadings it files and when it files them. The Court should grant Law and Chaos's reasonable Motion and order DOJ to file an Answer within fourteen days.

Date: February 27, 2026

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              MD Bar #31832
                                              National Security Counselors
                                              1451 Rockville Pike
                                              Suite 250
                                              Rockville, MD  20852
                                              501-301-4672
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*