## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RES IPSA MEDIA, LLC, d/b/a LAW
AND CHAOS PODCAST,
    *Plaintiff,*

    v.

DEPARTMENT OF JUSTICE,
    *Defendant.*

Case No. 25-cv-2866-ABA

## MEMORANDUM OPINION

Plaintiff Res Ipsa Media, LLC ("Res Ipsa") brings claims under the Freedom of Information Act (FOIA) to obtain a document possessed by Defendant Department of Justice ("DOJ"). DOJ moved to dismiss or in the alternative for summary judgment, arguing that the document in question is not an "agency record" within the meaning of 5 U.S.C. § 552(a)(4)(B). Res Ipsa responded by moving to compel DOJ to file an answer, contending that DOJ's motion is properly a Rule 56 motion for summary judgment only—not a motion to dismiss under Rule 12—and thus did not toll the deadline for a responsive pleading. For the reasons explained below, the Court will deny Res Ipsa's motion and direct the parties to finish briefing DOJ's motion.

## I.    BACKGROUND

Res Ipsa filed its complaint in August 2025. ECF No. 1. Its FOIA request concerns a memorandum allegedly summarizing remarks by Chief Judge James Boasberg of the United States District Court for the District of Columbia at a meeting of the Judicial Conference of the United States. *Id.* ¶ 9–10. The parties refer to this document as "Attachment A" because it was allegedly attached to an ethics complaint filed against

1

Chief Judge Boasberg by DOJ Chief of Staff Chad Mizelle "on behalf of DOJ." *Id.* ¶ 8. Res Ipsa sought the document under FOIA on an expedited basis and contends that DOJ improperly placed the request on the "complex track." *Id.* ¶¶ 22–56.

Before DOJ's answer was due, Res Ipsa filed a motion for partial summary judgment on its request for expedited processing. ECF No. 6. The case was then stayed by consent of both parties due to a lapse in federal appropriations. ECF No. 11. After the lapse ended and DOJ filed its opposition to the motion for partial summary judgment, the parties filed a joint status report stating that "Defendant advised Plaintiff that the record had been located, but that because it is a record of the judiciary it is not an 'agency record' subject to FOIA . . . Given this, the Parties anticipate filing cross-motions for summary judgment[.]" ECF No. 16 at 1. The parties then jointly presented a briefing schedule, which the Court accepted. ECF No. 17. DOJ requested a consented-to extension, which the Court also granted (ECF No. 19), and timely filed a "motion to dismiss or in the alternative for summary judgment." ECF No. 21.

Although Res Ipsa joined the status report stating that the parties "anticipate[d] filing cross-motions for summary judgment" and providing a briefing schedule, ECF No. 16 at 1, it chose to file a motion to stay briefing on the cross-motions for summary judgment (ECF No. 22) in order to file a "motion to compel Defendant to file an answer." ECF No. 24. Res Ipsa contends that although Federal Rule of Civil Procedure 12(a)(4) provides that a "motion under" Rule 12 tolls the deadline to file a responsive pleading, the Court should require DOJ to file an answer because DOJ's motion to dismiss was "in name only," and should be deemed to have not tolled the deadline to answer or respond to the complaint. ECF No. 24 at 5. The Court granted the motion to stay briefing on the motion for summary judgment pending a decision on the motion to

compel. ECF No. 23. Briefing on the motion to compel an answer is now complete. ECF Nos. 25, 26.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(a)(2), a "United States agency" such as DOJ "must serve an answer to a complaint . . . within 60 days after service[.]" A motion under Rule 12, including a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), tolls the deadline for an answer. Fed. R. Civ. P. 12(a)(4), (b).

Res Ipsa filed its complaint on August 29, 2025. DOJ filed a motion "to dismiss or, alternatively, for summary judgment" that was "pursuant to [Rule] 12(b)(1) and [Rule] 56" on January 30, 2026. ECF No. 21-1 at 1. Res Ipsa recognizes that a true Rule 12 motion "toll[s] the answer deadline," ECF No. 24 at 4, but argues that DOJ is obligated (and should be ordered) to file an answer because (1) a motion for summary judgment, unlike a motion to dismiss, does not toll the deadline to file an answer; and (2) DOJ's motion is a motion to dismiss "in name only," *id*. at 5, and should substantively be characterized only as a motion for summary judgment.

Res Ipsa's first argument implicates an unresolved legal question. The Federal Rules of Civil Procedure do not explicitly state whether a motion for summary judgment under Rule 56, if it is filed before an answer has been filed, has the same tolling effect as a Rule 12(b) motion. The Fourth Circuit has not answered this question, though at least one district court within the Fourth Circuit has held that a summary judgment motion does not toll the answer deadline. *Queern v. United States*, Case No. 20-cv-363-M, 2022 WL 17958640, at *1 (E.D.N.C. Sept. 22, 2022) ("The plain language of Rule 12(a)(4) indicates that the filing of a Rule 56 motion for summary judgment does not toll this deadline."); *see also Kimbler v. Spear*, Case No. 16-cv-47, 2017 WL 1337276, at *3 (W.D.

3

Va. Apr. 11, 2017) ("[I]t is unclear whether a Rule 56 motion operates to toll the defendants' response deadline[;] I need not decide the question[.]"). Beyond the Fourth Circuit, there appears to be a split of authority on the issue. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) ("While serving a Rule 12 motion tolls the deadline for a defendant to file an answer, filing a Rule 56 motion has no such effect."); *Queern*, 2022 WL 17958640, at *1 ("[C]ourts in other circuits have determined that parties are permitted to file a Rule 56 motion in lieu of an answer."); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) ("Courts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained.") (quotations omitted); 10A *Wright and Miller's Federal Practice & Procedure* § 2718 (4th ed., rev. Apr. 2026) ("[A] summary-judgment motion made prior to an answer should have the benefit of the Rule 12(a) language tolling the period of time in which an answer must be filed.").[1]

The Court need not resolve this question here, however, because regardless of whether a Rule 56 motion tolls the answer deadline, DOJ has filed a Rule 12 motion. DOJ's motion contended primarily that Attachment A is not an "agency record." ECF No. 21-1 at 1. The argument for dismissal was under 12(b)(1), contending that the Court lacks jurisdiction over FOIA requests that are not directed to agency records. *Id*. DOJ relies on the statutory language stating that federal courts have "jurisdiction to enjoin

---

[1] Res Ipsa contends that another section of Wright and Miller states that a Rule 56 motion "does not extend the time to serve a responsive pleading unless the court orders otherwise." ECF No. 26 at 6 (quoting "Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed.)"). Upon review, this section does not appear to contain the quoted language (or an analogous proposition), at least as of the April 2026 update.

the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

Res Ipsa contends that DOJ's subject matter jurisdiction argument is frivolous, and thus disguises what is really a summary judgment motion. Res Ipsa urges the Court to disregard DOJ's framing and construe the motion to be under Rule 56. Res Ipsa has only identified one authority in which a court so construed a defendant's motion and compelled an answer: *Ricke v. Armco, Inc.*, 158 F.R.D. 149 (D. Minn. 1994). In that case, it was "patently obvious" that Defendant's motion to dismiss was really a motion for summary judgment because Defendant "[did] not identify a corresponding Rule or standard of review" and submitted "numerous exhibits and supporting documents." *Id.* at 149–150. Because "[a] litigant should not be permitted to gain an advantage by intentionally mislabeling a filing," the *Ricke* court denied that defendant's motion "to [c]onfirm that an Answer [n]eed not be [f]iled" and ordered it to answer within ten days. *Id.* at 150. Res Ipsa has identified no similar authority from or within the Fourth Circuit, and the Court has not found any such authority either. There are many cases in which courts convert motions to dismiss into motions for summary judgment via Rule 12(d), but that is distinct from the issue here: whether a motion to dismiss should be recharacterized specifically for the purpose of ordering a defendant to file an answer.

But even if compelling an answer in *Ricke* was correct, the standard there does not support recharacterizing DOJ's motion here because it is not "patently obvious" that DOJ's motion should only be analyzed under Rule 56. Here, unlike in *Ricke*, DOJ has cited a specific rule, 12(b)(1), and a specific statute that at least in part defines this Court's "jurisdiction," 5 U.S.C. § 552(a)(4)(B). Though DOJ's motion does refer to some factual matters outside the complaint and attaches a declaration and exhibit, its central

contention is that Attachment A is not an agency record because it was created by a member of the Judicial Conference, not by DOJ, and therefore this Court lacks "jurisdiction." *See* ECF No. 21-1 at 9 ("Here, there can be little doubt that Attachment A is from the Judicial Conference and is therefore exempt from FOIA disclosure[.]"). The allegation that Attachment A—the memo that allegedly summarizes remarks by Chief Judge Boasberg—was created by a member of the Judicial Conference appears in the complaint, and is therefore not a fact outside the pleadings. ECF No. 1 ¶ 17 (quoting a news article that describes Attachment A as being written by a member of the Judicial Conference). It is not "patently obvious" that DOJ's motion is an improper motion for summary judgment in disguise.

In contending otherwise, Res Ipsa highlights the lack of legal support for DOJ's subject matter jurisdiction argument. Res Ipsa cites authorities explaining that § 552(a)(4)(B)'s use of the word "jurisdiction" does not mean *subject matter* jurisdiction, especially as to whether a document is an "agency record." *See McKenzie-El v. Internal Revenue Serv.*, Case No. 19-cv-1956-ELH, 2020 WL 902546, at *10 (D. Md. Feb. 24, 2020) ("Despite the presence of jurisdictional language in 5 U.S.C. § 552(a)(4)(B), courts have rejected the contention that the failure to establish a statutory prerequisite to a FOIA claim strips a court of subject-matter jurisdiction, concluding instead that the claim fails as a matter of law under Rule 12(b)(6)."); *Cause of Action Inst. v. Internal Revenue Serv.*, 390 F. Supp. 3d 84, 98 (D.D.C. 2019) ("The IRS apparently would have this Court decide whether [Plaintiff] has a valid FOIA claim insofar as it submitted requests for 'agency records' *in order to* determine whether the Court has subject-matter jurisdiction over [Plaintiff's] claim, which clearly conflates the issues and puts the cart before the horse since, in determining jurisdiction, courts

generally will *assume* the merits as the plaintiff or petitioner pleads them.") (quotations and alterations omitted).

But despite Res Ipsa's insistence that the "agency record" issue is not a jurisdictional dispute, that issue has not been squarely resolved by the Fourth Circuit. Indeed, there is language in opinions by other judges of this Court that appears to run contrary to Res Ipsa's position. *See, e.g.*, *Emesowum v. Nat'l Sec. Agency*, Case No.24-cv-360-BAH, 2025 WL 847905, at *2 (D. Md. Mar. 18, 2025) ("5 U.S.C. § 552(a)(4)(B) vests federal district courts with ***subject matter jurisdiction*** when a plaintiff alleges that a federal agency '(1) improperly; (2) withheld; (3) agency records.'") (quoting *Kissinger v. Reps. Comm'n for Freedom of the Press*, 445 U.S. 136, 139 (1980) (emphasis added); *Pair v. Soc. Sec. Admin.*,15-cv-1458-RDB, 2016 WL 739188, at *3 (D. Md. Feb. 25, 2016) (quoting the same standard cited in *Emesowum* and dismissing a case due to lack of subject matter jurisdiction). The Court will not resolve the issue definitively here, and defers deciding if or when disputes over whether a record is an "agency record" may be decided at the pleading stage. But DOJ's position is not clearly frivolous, and it is not "patently obvious" at this juncture that its motion must be recharacterized as a motion for summary judgment.

Though the Court will deny Res Ipsa's motion to compel an answer, Res Ipsa may pursue similar arguments in its opposition to DOJ's motion. For example, Res Ipsa remains free to argue that the Court should deny DOJ's motion to dismiss because the "agency record" issue is not jurisdictional or because DOJ relies on facts outside the pleadings. Res Ipsa may also argue that conversion to a summary judgment motion is improper at this stage because further discovery is needed, or that even if the Court does consider the summary judgment motion, it should find against DOJ on the merits.

Indeed, the Court may ultimately choose to convert DOJ's motion to a motion for summary judgment, as DOJ proposes in the alternative. Rule 12(d) allows the Court to treat a motion to dismiss as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The Rule further states that, if the motion is converted, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Because conversion is possible, Res Ipsa should consider its opposition to be its opportunity to present material pertinent to a summary judgment motion and, if appropriate, to file a Rule 56(d) declaration.

Finally, DOJ contends in its briefing that Res Ipsa's earlier partial motion for summary judgment (ECF No. 6) is now moot, because DOJ has processed and denied the FOIA request. Res Ipsa appears to disagree. *See* ECF No. 25-1 at 6 (email from Res Ipsa's counsel declining to concede that the motion is moot). Accordingly, in the briefing on DOJ's motion, the parties should also state and defend their positions concerning the mootness of Res Ipsa's partial motion for summary judgment (which is otherwise ripe for disposition).

## III.   CONCLUSION

For these reasons, the Court will deny Res Ipsa's motion to compel an answer. A separate order follows.

Date:  May 26, 2026

<em>/s/</em><br>Adam B. Abelson<br>United States District Judge