**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RES IPSA MEDIA, LLC | * | |
| d/b/a LAW AND CHAOS PODCAST, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-02866 (ABA) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Res Ipsa Media, LLC, d/b/a Law and Chaos Podcast ("Law and Chaos") respectfully provides the Court with a decision from the D.C. Circuit issued yesterday which, while not formally holding as much, fundamentally accepted as a given that records obtained by the Department of Justice ("DOJ") regarding a former President were agency records subject to the Freedom of Information Act ("FOIA"). That opinion, in a case in which DOJ argued in favor of the holding, demonstrates both the fatal flaw in DOJ's legal argument in this case and the double standard it is asking the Court to endorse: records obtained from non-agencies that DOJ wants to release are agency records, while records obtained from non-agencies that DOJ does *not* want to release are not.

In the case *Biden v. Heritage Foundation*, the D.C. Circuit considered an emergency motion for an injunction pending appeal regarding a decision by the district court to allow DOJ to release "transcripts and audio recordings of conversations [former President Biden] had in 2016 and 2017 with his writing partner Mark Zwonitzer while preparing Biden's 2017 memoir." Order, Dkt. #2184101, at 1 (filed July 20, 2026), *Biden v. Heritage Found.*, No. 26-5235 (D.C.

Cir.). A copy of this opinion has been attached as Ex. B for the Court's convenience. In this opinion, the D.C. Circuit explained how these records became agency records: "While the requested recordings were not government records when originally created by Zwonitzer and Biden in connection with the preparation of Biden's 2017 memoir, it is undisputed that they became subject to FOIA's disclosure mandate when the Special Counsel obtained possession of them as part of his investigation." *Id.* at 3.

Of particular note in that case—and the case below it—is the fact that DOJ, again represented by the Federal Programs Branch, did not maintain that these records were not agency records because they belonged to a former President. *See* Ex. B *passim*; *Heritage Found. v. DOJ*, No. 24-645, 2026 WL 1766549 *passim* (D.D.C. June 19, 2026). In fact, neither DOJ's original brief supporting summary judgment nor its more recent brief (after it had reversed position) opposing a preliminary injunction even *mentioned* agency records. *See* Def.'s Mem. of Law Supp. Mot. Summ. J., Dkt. #33-1, *passim* (filed Nov. 13, 2024), *Heritage Found. v. DOJ*, No. 24-645 (D.D.C.); Mem. of Law of DOJ Opp'n Joseph R. Biden, Jr.'s Mot. Prelim. Inj., Dkt. #68, *passim* (filed June 5, 2026), *Heritage Found. v. DOJ*, No. 24-645 (D.D.C.).

Noticeably absent from DOJ's arguments in that case is any mention of the "special policy considerations [which] counsel in favor of according due deference to the non-covered entity's expressed intent to control its own documents." (Mem. of Law Supp. Mot. Dismiss or Summ. J., Dkt. #21-1, at 13 (filed Jan. 30, 2026) (internal quotations omitted).) Nor did DOJ argue, "Thus, when an agency possesses a document that it has obtained from a FOIA-exempt entity, the answer to the question of whether the document is an 'agency record' subject to disclosure turns on whether the exempt-entity manifested a clear intent to control the document." (*Id.* (internal quotations omitted).) On the contrary, DOJ opposed a formal motion by former

President Biden to *stop* it from disclosing these records, which is the epitome of "a clear intent to control the document." And, notably, at no point did the requester, the agency, the former President, the district court, or the circuit court even *entertain* the idea that these were not agency records. They all took it as a given, and this Court should follow suit.

Date:   July 21, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*