**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| RES IPSA MEDIA, LLC, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 25-cv-2866 (ABA) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| *Defendant*. | ) ) | |

**MOTION OF RYAN P. MULVEY
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF AND
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 7(b), Local Rule 105.12(b), and Standing

Order 2018-07, Prospective *Amicus Curiae* Ryan P. Mulvey ("Mr. Mulvey") respectfully moves

this Court for leave to file an *amicus curiae* brief in support of Plaintiff Res Ipsa Media and in

opposition to Defendant U.S. Department of Justice's motion to dismiss, ECF No. 21.  In support

of his motion, Mr. Mulvey states the following:

1.     District courts have broad discretion to grant motions for leave to appear as *amicus*

*curiae*.  *See Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Plan. Comm'n*, 303 F.R.D. 266, 269

(D. Md. 2014).  "Traditionally, the role of *amici* has been to . . . provid[e] guidance on questions

of law." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 727 (D. Md. 1996).

Participation of *amici* is therefore most useful "at the trial level where they provide helpful analysis

of the law, . . . have a special interest in the subject matter of the suit, . . . or existing counsel is in

need of assistance."  *Id.* at 728.

**Prospective *Amicus Curiae*'s Interest**

2.      Mr. Mulvey is an attorney with significant experience in federal administrative law and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  He is currently employed as Senior Policy Counsel at Americans for Prosperity Foundation ("AFPF") and volunteers as Senior Counsel at Cause of Action Institute.  Mr. Mulvey's practice touches on various aspects of government oversight, civic engagement, and administrative and constitutional law.  He regularly lectures on government transparency and litigates cases under the FOIA and the Administrative Procedure Act.  He has prosecuted state public-records requests, too, and provided *amicus* support at various levels of state and federal courts, including the Supreme Court.  As a policy expert, Mr. Mulvey regularly advises congressional staff about FOIA reform and cutting-edge transparency issues.  Of particular relevance here, Mr. Mulvey served as counsel of record in two leading cases that the Court will likely consider regarding subject-matter jurisdiction under the FOIA, namely, *Cause of Action Institute v. Office of Management & Budget*, 10 F.4th 849 (D.C. Cir. 2021), and *Cause of Action Institute v. Internal Revenue Service*, 390 F. Supp. 3d 84 (D.D.C. 2019).

3.      In addition to his regular employment at AFPF, Mr. Mulvey is engaged as a Professorial Lecturer in Law at The George Washington University Law School, where he co-teaches an administrative-law clinic that includes FOIA as part of its curriculum.  Mr. Mulvey is also President of the American Society of Access Professionals and a regular contributor at FOIA Advisor, an online, noncommercial forum designed to help the public learn about the FOIA.  In 2024, the Archivist of the United States appointed Mr. Mulvey to sit as a non-government member of the 2024–2026 Term of the National Archives & Records Administration's Federal FOIA Advisory Committee.

4.      Mr. Mulvey makes the instant motion in his personal capacity.  The views contained in the proposed *amicus* brief are his own and do not reflect the position of his employers or any other organization with which he is professionally associated.

### An *Amicus* Brief is Desirable to Address Matters Relevant to the Motion to Dismiss

5.      This case raises important questions regarding the authority of a district court to entertain well-pleaded FOIA claims.  Subject-matter jurisdiction is so essential an issue that it must be considered regardless of whether it is raised by the parties.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Indeed, subject-matter jurisdiction implicates "'a court's power to hear a case'" in the first instance.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).  Yet the term "jurisdiction" is a "word of many, too many meanings." *United States v. Vanness*, 85 F.3d 661, 662 n.2 (D.C. Cir. 1996).

6.      As this Court has recognized, whether 5 U.S.C. § 552(a)(4)(B) and the necessary elements of a FOIA claim—including the existence of the requisite legal control for there to be "agency records" at issue—implicates a "jurisdictional dispute . . . has not [yet] been squarely resolved by the Fourth Circuit." *Res Ipsa Media, LLC v. Dep't of Just.*, No. 25-2866, 2026 WL 1465478, at *4 (D. Md. May 26, 2026).  And there are inconsistent positions reflected in various opinions at the district-court level.  *Id.* (citing examples).  Still, there is exceedingly persuasive authority from other Circuits dealing with subject-matter jurisdiction under the FOIA.  Mr. Mulvey's *amicus* brief explores these precedents and explains why Defendant's motion to dismiss ought to be denied.

7.      It also bears noting that whether Section 552(a)(4)(B)'s use of the word "jurisdiction" implicates a district court's subject-matter jurisdiction, rather than its remedial authority to order agency compliance with the FOIA, has important procedural implications.  If

Plaintiff and Mr. Mulvey are correct, then Defendant's motion ought to have been brought under Federal Rule of Civil Procedure 12(b)(6) or, more appropriately, Rule 56. This Court has recognized as much. *See id.* ("The Court . . . defers deciding if or when disputes over whether a record is an 'agency record' may be decided at the pleading stage.").

**Other Factors Support Granting Leave to File an *Amicus* Brief**

8. Mr. Mulvey's proposed *amicus* brief would "not delay the proceedings or the issuance of a final ruling" but instead "provides helpful information to the court." *Wash. Gas. Light Co. v. Prince George's Cnty. Council*, No. 08-0967, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012). Local Rule 105.12(e) requires that any motion for leave to submit an *amicus* brief be filed within seven (7) days of the principal brief of the part supported. Here, Defendant filed its motion to dismiss on January 30, 2026. *See* ECF No. 21. Plaintiff then filed its opposition on July 15, 2026, *see* ECF No. 33, and a corrected brief followed the next day. *See* ECF No. 34. The instant motion is therefore timely.

9. The filing of an *amicus* brief would not prejudice Defendant, who is not due to file a reply brief until July 29, 2026. Moreover, the Court's hearing on the motion to dismiss is scheduled for August 25, 2026. *See* Order, ECF No. 31.

10. Mr. Mulvey has contacted counsel for the parties to ascertain their respective positions on the filing of an *amicus* brief. Counsel for Plaintiff consented to the filling of an *amicus* brief. Counsel for Defendant has indicated it does not oppose Mr. Mulvey's motion.

11. Mr. Mulvey's proposed *amicus* brief is in support of Plaintiff and in opposition to Defendant's motion to dismiss. It is no more than fifteen (15) pages long, as required by Local Rule 105.12(c), and it otherwise complies with the requirements set forth in Local Rules 102.2, 105.1, 105.4, and 105.5.

12.     No party or counsel for a party authored the proposed *amicus* brief in whole or in part.

13.     No party or counsel for a party contributed money to fund the preparation and/or submission of the proposed *amicus* brief.

For the foregoing reasons, the Court should grant the instant motion and direct the Clerk to accept and file the attached proposed *amicus* brief.  A proposed order is attached.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Ryan P. Mulvey*
RYAN P. MULVEY
 D. Md. Bar No. 32169
4103 Sheridan Street
University Park, MD 20782
(858) 349-2058
rpmulvey@gmail.com

5