IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RES IPSA MEDIA, LLC                          *

    *Plaintiff*,                              *

    v.                                        *       Civil No. 1:25-cv-02866-ABA

DEPARTMENT OF JUSTICE,                       *

    *Defendant*.                              *

*   *   *   *   *   *   *   *   *   *   *   *   *

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; OR, FOR
SUMMARY JUDGMENT**

Defendant, by and through undersigned counsel, and pursuant to Local Rule 105.2 and this

Court's July 23, 2026 Order (ECF No. 39), files this Reply to Plaintiff's Opposition to Defendant's

moving papers (the "Motion") and states:

**INTRODUCTION**

In its Motion, the Department established as a matter of law that "Attachment A" is not an

"agency record" subject to disclosure under FOIA, and that it did not so become one when it was

allegedly appended by the Department to an ethics complaint against United States District Court

Chief Judge James Boasberg.[1]  The Court lacks subject-matter jurisdiction over this non-Agency

record; and, because the Department undisputedly responded to Plaintiff's request for expedited

processing by denying both that request and the request for the record, there is no remedy the Court

could order to satisfy Plaintiff's Partial Motion for Summary Judgment.  Plaintiff's arguments to

---

[1] The Sixth Circuit dismissed the complaint and stated that though the complaint referenced Attachment A, that document was not attached to the complaint nor separately provided. *See* In re: Complaint of Judicial Misconduct, Judicial Council of the Sixth Circuit, Memorandum and Order, Complaint Number 06-25-90173, https://www.opn.ca6.uscourts.gov/internet/judicial_complaints/files/2025/06-25-90173.MO.pdf (last visited July 28, 2026).

the contrary, consisting of deflections and speculative conclusions, lack legal basis.   The

Department's Motion should be granted, and Plaintiff's partial motion for summary judgment

should be denied.

## ARGUMENT

### A.    The Court Lacks Subject-Matter Jurisdiction Because "Attachment A" is Not an Agency Record.

This Court has already rejected Plaintiff's arguments related to the propriety of the

Department moving to dismiss for lack of subject-matter jurisdiction.  ECF No. 27.  Despite this,

Plaintiff presses on.  Instead of wrestling with supporting case law and this Court's observation

that "there is language in opinions by other judges of this Court that appears to run contrary to

[Plaintiff's] position," *id*., p. 7, Plaintiff maintains the untenable position, apparently based on its

own unsupported inferences about the Department's motives, that because: (1) the Department

purportedly only relied on one paragraph to explain its jurisdictional position; (2) failed to raise a

completely inapposite case (*McKenzie-El v. IRS,* 2020 WL 902546, (D. Md. Feb. 24, 2020)); and

(3) "loses virtually every time it makes this argument against" a *pro se* plaintiff, the Department

is "abus[ing]" process and making "vexatious" and "bad faith" arguments about subject-matter

jurisdiction to delay resolution of this matter.[2]  ECF No. 34, p. 5.

The Court should continue to give short shrift to these contentions, which focus more on

disparaging the Department's purported intent than on addressing the merits of its legal argument.

As set forth in the Department's Motion and in its Opposition to Plaintiff's "Motion to Compel

---

[2] Plaintiff's reliance on *Heritage Foundation v. DOJ*, No. 26-5235 (D.C. Cir. July 20, 2026), which concerns materially different facts, is unavailing.  ECF No. 36.  In that case, the D.C. Circuit found it "undisputed" that the at-issue records became "subject to FOIA's disclosure mandate when the Special Counsel obtained possession of them," but in that case, the Special Counsel was appointed by the Attorney-General, he obtained the records/recordings as part of an investigation pursuant to that appointment, and he prepared his own transcripts relative to the at-issue recordings.  *Id*.  Those facts are clearly different than the ones here, and the issue is not so similarly undisputed: the Department asserts that Attachment A was created by and remains in control of the judiciary, a FOIA-exempt entity.

Defendant to File an Answer," applicable case law, including from *this* Court[3] and others, demonstrates that this Court lacks jurisdiction under FOIA to compel Defendant to produce Attachment A because it is not an "agency record" subject to the statute. *See* ECF Nos. 21, 25. The Department adopts and incorporates those arguments as if fully set forth herein. Because this Court lacks subject-matter jurisdiction, the case must be dismissed.[4]

**B.      Plaintiff's Request for Expedited Processing is Moot.**

The Department's complete response to Plaintiff's FOIA request divests the Court of jurisdiction to review Plaintiff's request for expedited processing. 5 U.S.C. § 552(a)(6)(E)(iv) ("[a] district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request"). The sum total of Plaintiff's response to this express statutory bar appears to be that the Department's response is "incomplete" because it has yet to be reviewed by the Court. ECF No. 34, p. 12. FOIA's text, of course, is not limited in the way Plaintiff suggests.

The unequivocal divestment of any judicial power by § 552(a)(6)(E)(iii) is contingent on the Agency providing a "complete response." *Id*. There is no language, expressly or otherwise even hinting, at the condition Plaintiff reads into the text-- *i.e.*, that FOIA requires an agency to "expeditiously process" records after "it loses in court[.]" ECF No. 34, p. 12. By denying Plaintiff's request for expedited processing and also by denying Plaintiff's request for the record

---

[3] The Court should reject Plaintiff's meritless attempt to undermine its prior decisions on this issue because those cases involved *pro se* litigants, and here, Plaintiff is represented. ECF No. 34, p. 3. The Court has an independent obligation to confirm the existence of subject-matter jurisdiction, "even when no party challenges it" and even when the parties have not retained counsel. *Martin v. Off. of States Att'y for Baltimore Cnty*., 2021 WL 4640675, at *1 (D. Md. Oct. 7, 2021); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

[4] Again, dismissal is warranted regardless of whether the Court considers the issue on the merits or as a matter of jurisdiction. ECF No. 21.

itself, the Department completed its work, notwithstanding the present lawsuit. Section 552(a)(6)(E)(iv)'s divestment of jurisdiction is unambiguous, and the plain language of the statute controls.

Plaintiff's reading of 5 U.S.C. § 552(a)(6)(E)(iv) is also contrary to case law, including at least one case on which Plaintiff relies. ECF No. 34, p. 12 (citing *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013)). In *Muttitt*, the D.C. Circuit explained that the phrase "complete response" in § 552(a)(6)(E)(iv) means a "final determination under § 552(a)(6)(A), *i.e.*, a final administrative determination whether to release any records that are responsive to the individual's request." *Id*. at 296; *see also* 5 U.S.C. § 552(a)(6)(A) (requiring (among other things) that agencies "determine within 20 days [] whether to comply" with a FOIA request). An agency need not "obtain a judicial declaration that its search efforts were adequate or that its withholding determinations were warranted" for its response to be complete. *Muttitt*, 926 F. Supp. 2d at 296. Yet, this is the crux of Plaintiff's argument.

Plaintiff's continued challenge to the Department's denial of his request for expedited processing does nothing to affect the completeness of the Agency's response. As *Muttitt* explains, once an "agency has made its final determination under § 552(a)(6)(A), the *timeliness* of that determination is no longer a live controversy fit for judicial review." *Id*.; *Atkins v. Dep't of Justice,* 1991 WL 185084, at *1 (D.C. Cir. Sept. 18, 1991) (unpublished table decision) ("whether [the agency] complied with the [FOIA's] time limitations in responding to [the plaintiff's] request is moot because [the agency] has now responded to this request"). At that point, "the timing of any further processing of an individual's request (either expeditiously or otherwise) necessarily occurs at the direction of the court—pursuant to a scheduling order, not the expedited processing provision of the FOIA." *Muttitt*, 926 F. Supp. 2d at 296.

This conclusion is uncontroversial. *See, e.g., Al-Fayed v. CIA*, 254 F.3d 300, 303 n. 1 (D.C. Cir. 2001) (citing § 552(a)(6)(E)(iv) in explaining that certain agencies were no longer in an expedited-processing case because they had "completed processing plaintiffs' underlying document requests"); *Riccardi v. U.S. Dep't of Justice*, 32 F. Supp. 3d 59, 66 (D.D.C. 2014) (plaintiff could not meet his burden of establishing that the Court had jurisdiction over his expedited processing claim because the agency provided a "complete response" to his FOIA request); *Espinoza v. Dep't of Justice*, 20 F. Supp. 3d 232, 247 (D.D.C. 2014) (relying on § 552(a)(6)(E)(iv) to grant summary judgment because the agency had "rendered a final decision on plaintiff's request" when it withheld records responsive to the request and denied the requests for expedited processing and fee waiver); *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112-13 (D.D.C. 2001) (agency's response to FOIA request, which stated that "after a diligent search, it could not locate any responsive documents[,]" divests the Court of jurisdiction over requester's expedited processing claim).

Plaintiff's contention that the request for expedited processing remains "live" because, "once" the Department "loses court, it must still review responsive records" and release them "in an expedited manner" has no legal support. ECF No. 34, p. 12. As the foregoing demonstrate, the "only scenario in which a court can properly grant relief to a FOIA requester on the merits of an expedited processing claim is when an agency has not yet provided a final substantive response to the individual's request for records." *Muttitt*, 926 F. Supp. 2d at 296. This is not the situation here. Since the Department "completely" responded to Plaintiff's request for expedited processing and for Attachment A by denying both, the Court lacks jurisdiction over Plaintiff's request for expedited processing. Plaintiff's claim for the same, whether in its Complaint or Partial Motion for Summary Judgment, is moot and should be rejected.

C.      **Plaintiff's Claim Fails on the Merits.**

Plaintiff's claims independently fail.  Preliminarily, Plaintiff asked for the summary

judgment briefing it now contends is "inappropriate."[5]  ECF No. 34, pp. 5-6; ECF No. 15, ¶ 1

(advising the Court in a Joint Status Report that the "Parties anticipate filing cross-motions for

summary judgment"); ECF No. 25, p. 4 ("Plaintiff responded: **I think that we're going to need**

**to set a briefing schedule for the motions for summary judgment, yes**") (emphasis added).  The

Court should reject Plaintiff's argument on this basis alone.

Substantively, Plaintiff maintains that *how* the Department acquired Attachment A "is still

not a determinative factor" in the "agency record" analysis, but points to no law supporting this

conclusion.  ECF No. 34, p. 10.  Plaintiff also appears to make baseless arguments about a

purported "presumption of good faith" that the Court should – or should not – apply, and also asks

the Court to consider the Department's speculative "reaction if a plaintiff claimed that absence of

information about how the agency did something created a presumption that it broke the law." *Id*.,

p. 10.  But Plaintiff cannot rebut the "presumption of good faith" generally accorded to agency

affidavits with "purely speculative claims." *Shapiro v. DOJ,* 2020 WL 3615511, at *5 (D.D.C.

July 2, 2020), *aff'd in part, remanded in part sub nom. Shapiro v. United States Dep't of Just.,* 40

F.4th 609 (D.C. Cir. 2022).  And "FOIA declarations 'are accorded a presumption of good faith'

regardless of the underlying government conduct." *Democracy Forward Found. v. U.S. Dep't of*

---

[5] Plaintiff also argues that converting Defendant's Motion to summary judgment is improper because "declarations offered in support of a Rule 12(b)(1) motion must be made on personal knowledge," ECF No. 34, p. 7, but Rule 56, not 12(b)(1), provides the proper legal standard.  In any event, the Brinkmann Declaration properly includes statements based on information obtained in the course of her official duties during consultation with the Judiciary. *Jud. Watch v. U.S. Dep't of Just.*, No. 24-700, 2026 WL 769791, at *8 (D.D.C. Mar. 18, 2026).  Courts have routinely rejected similar objections to FOIA declarations that include information obtained through intra-agency or inter-agency consultation. *See id.* (collecting cases).  Plaintiff cites no authority suggesting that the facts underlying Department's analogous consultative process with the Judiciary should garner distinct treatment.  Rather, Plaintiff misguidedly relies on inapposite authority discussing information obtained from private third parties like a company. *See* ECF No. 34, p. 6-7.

*Just.*, No. 17-1877, 2022 WL 17177497, at *5 (D.D.C. Nov. 23, 2022) (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).  The Court should not consider the hypothetical Plaintiff posits; the only question before the Court is whether the Judiciary intended to disclose Attachment A such that it could be transformed into an "agency record" within the meaning of FOIA.  It did not.  ECF No. 21-1, pp. 7-17 (describing Attachment A as a "Judiciary record, written by a federal judge," for a "specific judiciary audience, concerning confidential judiciary matters[,]" the release of which was "not authorized by the Judiciary").

In arguing to the contrary, Plaintiff not only ignores the undisputed facts that Attachment A is an internal Judiciary document and that the Judiciary opposes its release, but also completely discounts case law distinguishing between "control" and "possession," the special policy considerations that support this Court deferring to the Judiciary's "expressed intent to control its own documents," and the fact that the contents of Attachment A are likely privileged.  *Id.*  Plaintiff has no legal support for its assertion that the Department's alleged appending of Attachment A[6] to an ethics complaint subjects it to FOIA disclosure, particularly in view of the Judiciary's strenuous objection to the same.  *See, e.g., ACLU v. CIA*, 823 F.3d 655, 662–63 (D.C. Cir. 2016) ("[W]hen an agency possesses a document that it has obtained from [an entity exempt from FOIA], the answer to the question [of] whether the document is an 'agency record' subject to disclosure under FOIA turns on whether [the exempt entity] manifested a clear intent to control the document").  "Attachment A" is not an agency record under FOIA, and Plaintiff's Complaint should be dismissed.

---

[6] *See* fn 1.

**D.    Plaintiff Does Not Need Additional Discovery.**

Plaintiff's purported Rule 56(d) Affidavit does not save its claim.  "FOIA cases are generally resolved on summary judgment once the documents have been properly identified." *AMA Sys., LLC v. U.S. Food & Drug Admin.,* 2024 WL 712465, at *4 (D. Md. Feb. 21, 2024). While Rule 56(d) affidavits are generally "broadly favored[,]" in "FOIA cases, they are not." *Id*. "Discovery in FOIA cases is rare[,]" and the Court can grant summary judgment on the basis of "agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Id*.; *Shapiro*, 40 F.4th at 615 ("[w]e have repeatedly made clear that discovery in a FOIA case is rare and courts should generally order it only where there is evidence—either at the affidavit stage or (in rarer cases) before—that the agency acted in bad faith in conducting the search") (internal citations omitted).

Plaintiff identifies three facts it seeks to uncover during discovery, none of which fall within the normal range of FOIA discovery: "whether an agency has [ ] taken adequate steps to uncover responsive documents." *Id*.  Plaintiff contends that it needs to know how "DOJ obtained Attachment A," but discovery would not assist here, because the Department does not know.  ECF No. 21-1, p. 11 ("[n]either the Judiciary nor OIP are able to identify the method of transmission used to provide the Department with a copy of Attachment A, and the Judiciary did not authorize or facilitate its transmission to the Department").  Plaintiff also seeks discovery about the Department's means and methods of determining how Attachment A was provided to it, ECF No. 34-1, but the Department's affidavit explains in detail how it searched for this information and the reasons for why it ultimately concluded that Attachment A is not an "agency record."  ECF No.

21-2, ¶¶ 14-23.   None of the information Plaintiff seeks undermines the Department's well-reasoned conclusion.  The Department provided a detailed explanation of a search reasonably calculated to uncover all relevant information, and there is no evidence of bad faith.  There is no reason to permit Plaintiff to engage in the fishing expedition it seeks, and Plaintiff's request for discovery should be denied.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court GRANT its Motion to Dismiss, or for Summary Judgment; and DENY Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

*/s/ Melissa E. Goldmeier*
Melissa E. Goldmeier (Bar No. 18769)
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201
melissa.goldmeier@usdoj.gov
(410) 209-4855