**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RES IPSA MEDIA, LLC, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 25-cv-2866 (ABA) |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| *Defendant*. | ) | |

# BRIEF OF *AMICUS CURIAE* RYAN P. MULVEY

RYAN P. MULVEY
D. Md. Bar No. 32169
4103 Sheridan Street
University Park, MD 20782
(858) 349-2058
rpmulvey@gmail.com

## INTEREST OF *AMICUS CURIAE*

Ryan P. Mulvey is an attorney with significant experience in federal administrative law and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*[1] He is currently employed as Senior Policy Counsel at Americans for Prosperity Foundation ("AFPF") and volunteers as Senior Counsel at Cause of Action Institute. Mr. Mulvey's practice touches on various aspects of government oversight, civic engagement, and administrative and constitutional law. He regularly lectures on government transparency and litigates cases under the FOIA and the Administrative Procedure Act. He has prosecuted state public-records requests, too, and provided *amicus* support at various levels of state and federal courts, including the Supreme Court. As a policy expert, Mr. Mulvey regularly advises congressional staff about FOIA reform and cutting-edge transparency issues. Of particular relevance here, Mr. Mulvey served as counsel of record in two leading cases dealing with subject-matter jurisdiction and remedial authority under the FOIA, namely, *Cause of Action Institute v. Office of Management & Budget*, 10 F.4th 849 (D.C. Cir. 2021), and *Cause of Action Institute v. Internal Revenue Service*, 390 F. Supp. 3d 84 (D.D.C. 2019).

In addition to his regular employment at AFPF, Mr. Mulvey is engaged as a Professorial Lecturer in Law at The George Washington University Law School, where he co-teaches an administrative-law clinic that includes FOIA as part of its curriculum. Mr. Mulvey is also President of the American Society of Access Professionals and a regular contributor at FOIA Advisor, an online, noncommercial forum designed to help the public learn about the FOIA. In 2024, the Archivist of the United States appointed Mr. Mulvey to sit as a non-government member of the 2024–2026 Term of the National Archives & Records Administration's Federal FOIA Advisory Committee.

[1] Mr. Mulvey is participating as *amicus* in his personal capacity. The views contained in his brief are his own and do not reflect the position of his employers or any other organization with which he is professionally associated.

## INTRODUCTION

This case concerns a FOIA request that Plaintiff Res Ipsa Media, LLC ("Plaintiff") submitted to Defendant U.S. Department of Justice ("Defendant"), seeking access to a record known as "Attachment A." *See* Compl. ¶ 23, ECF No. 1. That record was ostensibly included as part of an ethics complaint filed by an executive-branch official against Chief Judge James Boasberg of the United States District Court for the District of Columbia in July 2025. *See* Compl. ¶¶ 7–11. Defendant avers it has "located 'Attachment A' but determined that the 'document is a record of the judiciary and therefore not an 'agency record.'" Def.'s Mem. of Law in Supp. of Mot. to Dismiss or for Summ. J. at 4, ECF No. 21-1 (citation omitted). Although Defendant has physically possession of "Attachment A," it argues it lacks the requisite control to disclose it. As such, Defendant maintains this Court lacks subject-matter jurisdiction.

Defendant has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1). That motion is improper. Insofar as Defendant maintains that "Attachment A" is a judicial record outside the legal control of an executive-branch agency, it should have brought its motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted or, better yet, moved for summary judgment in the normal course. Persuasive authority across jurisdictions makes clear the FOIA's jurisdictional language does not implicate *subject-matter jurisdiction*—or the power of a court to hear well-pleaded claims—but rather delimits a court's *remedial power*.

## ARGUMENT

The FOIA provides the public with a statutory right to access agency records. *See* 5 U.S.C. § 552(a)(3). Although most records requested under the statute reflect the operations of agencies within the executive branch, this is not always the case. Sometimes requesters seek records that reflect the interaction of executive-branch agencies with legislative or judicial entities. *See, e.g.*,

*Am. Oversight, Inc. v. Dep't of Health & Hum. Servs.*, No. 17-0827, 2025 WL 2718977 (D.D.C. Sept. 24, 2025), *appeal docketed*, No. 25-5375 (D.C. Cir. Oct. 24, 2025) (concluding emails reflecting communications between agencies and Congress about healthcare reform are "agency records"). And at other times, requesters may seek records that, while within the physical possession or custody of an "agency," as defined under the FOIA, *see* 5 U.S.C. § 552(f)(1), principally concern the operation of *non-agencies*. *See, e.g.*, *Holy Spirit Ass'n for the Unification of World Christianity v. Cent. Intel. Agency*, 636 F.2d 838, 841–42 (D.C. Cir. 1980), *judgment vacated in part on other grounds*, 455 U.S. 997 (1982) (concluding congressional committee correspondence sent to the CIA for "safekeeping" was subject to the FOIA).

Ultimately, the mere fact that a record—such as "Attachment A"—might have been created by someone within the judicial or legislative branch proves nothing about whether it is still judicial or legislative in character. On the contrary, in cases implicating such intra-branch records, a court must pay particularly close attention to the conditions surrounding their creation, transmission to an agency, and subsequent maintenance and use. These factors must be considered as part of the required control analysis on the merits, together with a detailed evidentiary record.

Here, Defendant has attempted effectively to bypass the agency-control inquiry and improperly shift its burden of proof onto Plaintiff by moving for dismissal under Rule 12(b)(1). Yet Defendant is mistaken on the law. Neither the FOIA nor relevant caselaw imposes any sort of elemental hurdle to subject-matter jurisdiction. The FOIA's reference to jurisdiction only implicates a court's remedial power to compel the production of unlawfully withheld records. It does not touch on the authority to hear a well-pleaded case. Multiple Circuits have adopted this position and consider it most consistent with controlling Supreme Court precedent. The Court should therefore deny Defendant's motion to dismiss.

## I. The FOIA's reference to "jurisdiction" only implicates a court's remedial power.

As the Supreme Court has explained, "'[w]ithout jurisdiction . . . [a] court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). Indeed, "[t]he requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States,'" and is "'inflexible without exception.'" *Id.* at 94–95 (citation and original brackets omitted). Yet "jurisdiction" is a word liable to interpretation. It is a "word of many, too many meanings." *United States v. Vanness*, 85 F.3d 661, 662 n.2 (D.C. Cir. 1996). "[I]t is commonplace for the term to be used," for example, only to "specify . . . the remedial powers of the court." *Steel Co.*, 523 U.S. at 90. This is the case with the FOIA. To wit:

> [o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has *jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld* from the complainant.

5 U.S.C. § 552(a)(4)(B) (emphasis added).

This "jurisdictional" language concerns the power of a court to order a specific kind of *remedy*, not a court's authority to hear a FOIA case in the first instance. Specifically, Section 552(a)(4)(B) empowers a court to enter an order that either (1) prohibits an unlawful withholding—whether understood in a literal sense, as with an agency's improper invocation of a statutory exemption, or in a constructive manner, as might occur when an agency has not conducted a reasonable search—or (2) requires the production of records.

Applying the logic of *Steel Co.* to the FOIA context, it would be entirely "unreasonable to read [Section 552(a)(4)(B)] as making all the elements of [a requester's] cause of action [under the FOIA] . . . jurisdictional, rather than merely specifying the remedial *powers* of the court" to require

an agency to satisfy a "violated requirement," such as its obligation to disclose alleged non-exempt agency records. 523 U.S. at 90; *cf. Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."). But Defendant's position demands that "unreasonable" result. *Cf. Mace v. Equal Emp't Opportunity Comm'n*, 37 F. Supp. 2d 1144 (E.D. Mo. 1999) ("If *Kissinger* were applied literally, 'all FOIA cases resolved in favor of the government would ultimately be dismissed for lack of subject matter jurisdiction, which clearly has not been the case in practice.'").

As set forth below, Defendant's motion to dismiss depends on a fundamental confusion of the basic elements of a FOIA claim—*viz.*, an allegation that "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records,'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)—with the broader concept of subject-matter jurisdiction. *See Steel Co.*, 523 U.S. at 89 ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case."). The Court should reject Defendant's invitation to indulge this conceptual confusion.

## II. At least three Circuits have already rejected Defendant's reading of the FOIA.

Plaintiff argues that Defendant has previously attempted to dismiss FOIA claims for lack of subject-matter jurisdiction based on a serious mischaracterization of Section 552(a)(4)(B). *See, e.g.*, Pl.'s Corrected Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss at 3 & 3 n.2, ECF No. 34. That trend should stop. In addition to persuasive district-court authority, *e.g.*, *Cause of Action Inst.*, 390 F. Supp. 3d at 84, at least three Circuits have rejected Defendant's position. In the absence of controlling Fourth Circuit precedent, *see Res Ipsa Media, LLC. v. Dep't of Just.*, No. 25-2866, 2026 WL 1465478, at *4 (D. Md. May 26, 2026), this Court should follow those Circuits.

### A. D.C. Circuit

In *Cause of Action Institute v. Office of Management & Budget*, the D.C. Circuit held that "[t]he text and structure of FOIA . . . make clear that whether the requested materials are 'agency records' goes to the merits of the dispute—the 'court's authority to impose certain remedies'—rather than the court's jurisdictional power to hear the case." 10 F.4th at 854 (citation omitted). In this sense, the FOIA's use of the word "jurisdiction" functions the same as in other statutes, *id.* (citing 15 U.S.C. § 378(a) and 31 U.S.C. § 5365), that similarly "specify[] the remedial powers of the court." *Id.* (citing *Steel Co.*, 523 U.S. at 90). More importantly, the Circuit acknowledged that adopting any contrary reading would disrupt well-established FOIA principles, such as the rule that "'[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *Id.* (citations omitted).[2]

The *Cause of Action* decision is consistent with earlier D.C. Circuit caselaw. Consider, for example, *Citizens for Responsibility & Ethics in Washington v. Office of Administration*. In that case, when considering the lower court's dismissal of a FOIA complaint under Rule 12(b)(1), the Circuit explained dismissal had been inappropriate because the requester's "claims were not so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit to warrant dismissal for lack of subject-matter jurisdiction." 566 F.3d 219, 225 (D.C. Cir. 2009) (cleaned up) (citing *Steel Co.*, 523 U.S. at 89).[3] The logical implication of this ruling should be clear: the elements of a FOIA claim only concern the merits of a case and the availability of court-ordered relief—they are not proper jurisdictional prerequisites.

---

[2] "Although Section 552(a)(4)(B) does not confer subject matter jurisdiction," a "district court ha[s] jurisdiction [in FOIA cases] pursuant to 28 U.S.C. § 1331," which provides for federal-question jurisdiction. *Cause of Action Inst.*, 10 F.4th at 854; *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[3] The requester in *CREW* had argued that the Office of Administration—a component of the Executive Office of the President—was an "agency" subject to the FOIA.

The same approach was adopted even earlier in *Sweetland v. Walters*, a case involving a FOIA request sent to the Executive Residence of the President. 60 F.3d 852 (D.C. Cir. 1995). Although the Circuit was unconvinced the Executive Residence qualified as an "agency," it rejected the notion that "the district court lacked subject-matter jurisdiction" to hear such an argument. *Id.* at 855 (citation omitted). So long as the requester's "claim[] [arose] under the laws of the United States"—thereby triggering 28 U.S.C. § 1331—that was enough to establish the district court's jurisdiction, even if the FOIA may not have applied to the named defendant. *Id.*[4]

To be sure, there are rare examples where the D.C. Circuit has appeared to deviate from its otherwise consistent understanding of Section 552(a)(4)(B). But setting aside the fact that the most recent articulation of the Circuit's precedent can be found in *Cause of Action Institute*, these older cases are anyway distinguishable. At least one, in relevant part, focused on the jurisdictional status of the FOIA's statute of limitations. *See Spannaus v. Dep't of Just.*, 824 F.2d 52, 55 (D.C. Cir. 1987). And another, which Defendant cites in its motion to dismiss, *see* Def.'s Mem. at 5–6, contains but a single line approvingly describing the district court's decision to dismiss under Rule 12(b)(1) as "eminently well-reasoned," but without making any effort to explicate the meaning of "jurisdiction" under Section 552(a)(4)(B). *Am. Civil Liberties Union v. Cent. Intel. Agency*, 823 F.3d 655, 661 (D.C. Cir. 2016). Those decisions in which the Circuit grappled earnestly with understanding the FOIA's reference to "jurisdiction" have plainly rejected Defendant's position.

**B. Second Circuit**

In *Main Street Legal Services, Inc. v. National Security Council*, 811 F.3d 542 (2d Cir. 2016), the Second Circuit reached the same conclusion as the D.C. Circuit regarding the meaning

[4] The D.C. Circuit has adopted the same understanding of jurisdiction in the Privacy Act context. *See, e.g.*, *Kleiman v. Dep't of Energy*, 956 F.2d 335, 339 (D.C. Cir. 1992) ("'Plaintiff's statement of his own cause of action shows that it is based upon federal law,' such that it is a 'civil action arising under the . . . laws . . . of the United States.'") (citations and original brackets omitted).

of "jurisdiction" in Section 552(a)(4)(B), relying in large part on the Supreme Court's decision in *Steel Co.* As the Circuit explained, the FOIA's reference to "jurisdiction" does not "implicate subject-matter jurisdiction" but refers to a district court's "remedial power." *Id*. at 566 (citations omitted). In other words, the FOIA "does not speak to the court's ability to adjudicate a claim, but only to the remedies that the court may award." *Id.* (citation omitted); *accord Steel Co.*, 523 U.S. at 91–92 ("[A] statute saying 'the district court shall have jurisdiction to remedy violations'" does not "render[] the existence of a violation necessary for subject-matter jurisdiction."). On this logic, arguments or affirmative defenses concerning the status of a defendant as an "agency," its use of exemptions, the adequacy of its search, or its lack of control over the records at issue—as relevant here—cannot defeat subject-matter jurisdiction. "Absent agency," legal control, or an improper withholding, "a court properly dismisses a FOIA claim *on the merits*, not for lack of subject-matter jurisdiction." *Main St. Legal. Servs.*, 811 F. 3d at 566 (emphasis added).

**C. Eleventh Circuit**

Finally, the Eleventh Circuit has likewise relied, unsurprisingly, on *Steel Co.* to conclude that the FOIA's reference to "jurisdiction" concerns a court's "ability to devise remedies rather than the ability to hear cases." *Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1064 (11th Cir. 2020) (citing *Kissinger*, 445 U.S. at 150). Thus, assuming an agency can satisfy its burden at summary judgment (or trial) to disprove a complainant's factual allegations underlying the necessary elements of a FOIA claim, that merely "creates a defect in the merits of the complaint rather than in the district court's jurisdiction." *Id.* at 1062; *see Sikes v. Dep't of the Navy*, 896 F.3d 1227, 1232 n.2 (11th Cir. 2018) (when a "district court's analysis . . . turn[s] on its assessment of

the *merits* of a" FOIA claim, any ruling against a requester under Rule 12 "should properly be viewed as one for failure to state a claim upon which relief may be granted").[5]

## III. *Amicus*'s reading of FOIA is most consistent with Supreme Court precedent.

*Amicus*'s reading of "jurisdiction" in Section 552(a)(4)(B) has not only been adopted by three Circuits, but it represents the interpretation most consistent with leading Supreme Court FOIA caselaw.

*First*, in *Kissinger v. Reporters Committee for Freedom of the Press*, the Supreme Court explained that the FOIA "authorizes federal courts to ensure private access to requested materials . . . upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" 445 U.S. at 150. This "jurisdictional" authority was clearly described in terms of "devis[ing] remedies and enjoin[ing] agencies" once a court determines an "agency has contravened all three components of [its] obligations" under the statute. *Id.* A district court's resolution of any dispute over the existence or propriety of a withholding—or whether records are under agency control—necessarily entails a fact-based inquiry. Thus, looking to the instant case, the question as to

[5] *Amicus* has identified two cases from other Circuits that diverge from the foregoing trend. *First*, in *Goldgar v. Office of Administration*, the Fifth Circuit affirmed a trial court's order dismissing a FOIA lawsuit where the requester had failed to show how an agency "improperly withheld" the requested "records." 26 F.3d 32, 33–34 (5th Cir. 1994). But, importantly, the requester, who claimed to be a famous "telepath," admitted he did not seek "records," but instead desired "information" in the abstract. *Id.* at 34. As such, *Goldgar* seems to be the kind of case so lacking in merit as to warrant dismissal under Rule 12(b)(1). *See id.* at 35 ("If Goldgar is not seeking an agency record—the only thing accessible under the FOIA—then he is abusing and misusing the FOIA."); *see also id.* at 35–36 (describing the requester's lawsuit as "harassing"). If *Goldgar* had turned on the factual predicate of the existence of potentially responsive records, the Circuit might very well have ruled differently.

*Second*, in *Hart v. Federal Bureau of Investigation*—an unpublished decision—the Seventh Circuit, while citing *Goldgar*, affirmed the lower court's dismissal of a *pro se* requester's claim for "failure to establish jurisdiction." 91 F.3d 146, *1, 3–4 (7th Cir. 1996) (unpublished). The decision below suggests the Circuit and district court agreed that, after entering summary judgment for the agency, there were no further grounds to continue the case and dismissal was appropriate. *See Hart v. Fed. Bureau of Investigation*, No. 94-6010, 1995 WL 170001, at *3 (N.D. Ill. Apr. 7, 1995) ("This case merely seeks to compel the production of documents which this Courts finds do not exist."); *see also Hart*, 91 F.3d at *3 n.11 ("[T]he district court was correct in stating that its summary judgment of the search claim deprived it of further jurisdiction to act under the FOIA since its provisions authorizing a court to enjoin an improper withholding of agency records contemplate the existence of identifiable records upon which to act."). This hardly seems analogous to the instant dispute.

whether someone (or some entity) within the judiciary manifested the requisite intent to render "Attachment A" beyond the reach of Defendant's legal control, must be treated as a merits-based question that serves only as a prerequisite to the Court providing Plaintiff with its requested relief, *i.e.*, an order compelling disclosure. *Cf. Nw. Airlines, Inc. v. Cty. of Kent, Mich.*, 510 U.S. 355, 365 (1994) ("The question whether a federal statute creates a claim for relief is not jurisdictional.").

*Second*, in *Department of Justice v. Tax Analysts*, the Supreme Court explained that, "[u]nless each of these [three] criteria [from *Kissinger*] is met, a district court lacks jurisdiction *to devise remedies* to force an agency to comply with the FOIA's disclosure requirements." 492 U.S. 136, 142 (1989) (emphasis added). Parsing this language closely, it is evident the *Tax Analysts* court was not focused on the power of a court to adjudicate FOIA claims as such, but instead on the prerequisite conditions for designing and granting specific remedies. In other words, under *Tax Analysts* (and *Kissinger*), a court cannot enjoin an agency to disclose records unless it has violated the FOIA. Reaching that determination, however, requires an adjudication on the merits, and perhaps even fact-finding or discovery. Subject-matter jurisdiction does not come into it.[6]

*Third*, it bears repeating then-Judge Ketanji Brown Jackson's observation, in *Cause of Action Institute v. Internal Revenue Service*, that Defendant's position "impermissibly and inexplicably shifts the well-established burdens that each party must carry" in a FOIA case, while simultaneously creating an unnecessary doctrinal conflict with the Supreme Court's directive that a plaintiff has "'the burden of establishing [federal jurisdiction].'" 390 F. Supp. 3d at 100 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If *Tax Analysts* and

[6] As an aside, it is not clear why the parties' dispute over agency control is any more "jurisdictional," in the sense proposed by Defendant, than a question about the propriety of some other kind of withholding. *See Kissinger*, 445 U.S. at 150; *see also Tax Analysts*, 492 U.S. at 142 ("Unless *each of these* [three] criteria is met, a district court lacks jurisdiction[.]") (emphasis added). Defendant's position, taken to its logical conclusion, would collapse almost all FOIA questions into jurisdictional determinations precisely because Defendant cannot distinguish the "agency record"/control question from *Kissinger*'s other FOIA-claim elements.

*Kissinger*, as well as the text of Section 552(a)(4)(B), pertain only to a court's remedial power under the FOIA, there is no contradiction between an agency's indisputable burden to show that records are outside its legal control (or are exempt, *etc.*) and the general rule that a requester bears the burden of establishing subject-matter jurisdiction. Again:

> Therein lies the rub. A government agency's burden of demonstrating that the requested documents are *not* "agency records" cannot be logically reconciled with treating that question as a jurisdictional prerequisite, which would require the plaintiff to prove that the requested documents *are* "agency records." And there's more: to accept . . . [Defendant's] framing would mean that the plaintiff would have to prove that "agency records" were "improperly" withheld as yet another threshold jurisdictional issue, when under the FOIA, it is unquestionably the *agency's* burden to establish that its withholdings are "proper" because they comport with one of section 552(b)'s nine enumerated exemptions.

390 F. Supp. 3d at 101.[7]

**IV. Potentially adverse caselaw from this district is distinguishable.**

The Court has observed "there is language in opinions by other judges" in this district "that appears to run contrary to Res Ipsa's position." *Res Ipsa Media, LLC*, 2026 WL 1465478, at *4. Yet it is not clear whether those various opinions reflect meaningful engagement with the text of Section 552(a)(4)(B) or even provide useful explanation for why Rule 12(b)(1) motions were appropriate vehicles for dismissal.

Consider the two cases involving *pro se* requesters that the Court cited in its opinion denying Plaintiff's motion to compel an answer. *Id.* In the earlier of those cases, *Pair v. Social Security Administration*, Judge Bennett appeared to recognize that *Kissinger*, *Tax Analysts*, and Section 552(a)(4)(B) were really focused on identifying the "three elements" for "'forc[ing] an

[7] Shifting the burden of proof on to Plaintiff to show that "Attachment A" is an agency record at the pleading stage also runs afoul of the principle that any "uncertainty" surrounding legal control ought to "redound to the benefit of the requester." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 220 (D.C. Cir. 2013). And here there is significant uncertainty on at least two key issues: Did Defendant "obtain" the record at issue? *See* Def.'s Mem. at 11. And has it proffered sufficient, admissible evidence to demonstrate that the judiciary intended to retain control of "Attachment A" and limit Defendant's ability to use or dispose of that record as it sees fit? *See* Pl.'s Corrected Mem. at 9–11.

agency to comply with the FOIA's disclosure requirements.'" No. 15-1458, 2016 WL 739188, at*3 (D. Md. Feb. 25, 2016). This seemingly hints at remedial authority—*not* subject-matter jurisdiction. *See id.* ("Federal court 'have no authority to order the production . . ."). The convoluted nature of the complainant's requests and correspondence with the agency, his failure to exhaust administrative remedies, and the fact he originally filed suit in state court under the Maryland Public Information Act are facts that militate against drawing any significant value from *Pair* about the nature of "jurisdiction" under the FOIA.

*Emesowum v. National Security Agency* is similarly unhelpful. In that case, Judge Hurson granted the government's motion to dismiss under Rule 12(b)(1) as to an agency employee, but he denied the same motion as to the agency on the issue of search adequacy. No. 24-0360, 2025 WL 847905, at *2–3 & 4 (D. Md. Mar. 18, 2025). This is a key fact. Whereas it seems implausible to allow a requester to prosecute a FOIA claim against an individual employee, "the question of the adequacy of an agency's search" should be "resolved on a motion for summary judgment" precisely because it entails a fact-based inquiry that depends on "review of material outside the pleadings." *Id.* at *3; *see id.* ("[I]n the absence of more fulsome evidence, the Court may not dismiss this case solely on the basis of Defendants' unsupported representations in their filings.").[8]

Plaintiff has already identified and distinguished several other district cases that appear to support Defendant's position but ultimately cannot distract from the persuasive force of the relevant Circuit caselaw. *See* Pl.'s Corrected Mem. at 5. *Gray v. Washington Metropolitan Area Transit Authority* is properly understood as a Public Access to Records Policy case and therefore

[8] The only local FOIA decision cited by Defendant in its Rule 12(b)(1) argument, *see* Def.'s Mem. at 6, undercuts its position. In *Cheese v. Environment & Natural Resources Division*, Judge Legg rejected a motion to dismiss a FOIA claim on grounds that the agency had conducted an adequate search, construing it instead as a motion for summary judgment under Rule 56. No. 10-2223, 2011 WL 768891, at *3 (D. Md. Feb. 28, 2011); *see id.* at *2 ("'Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.'") (citing *Kissinger*, 445 U.S. at 150).

does not even depend on the FOIA. *See* No. 16-1792, 2017 WL 511910, at *1–2 (D. Md. Feb. 8, 2017). *Scott v. U.S. Attorney Offices* does not mention the FOIA's jurisdictional provision and anyway focuses on administrative exhaustion. *See* No. 18-0725, 2019 WL 2078632, at *4–5 (D. Md. May 10, 2019). And in *Bahrampour v. Department of the Army*—another exhaustion case—Judge Rubin not only recognized contrary authority on the jurisdictional question, which she declined to follow on grounds that, "whether reviewed under 12(b)(1) or 12(b)(6)," the government's motion would lead to the same "result," No. 22-0710, 2023 WL 200115, at *2 n.2 (D. Md. Jan. 15, 2023), but she also intimated that "jurisdiction" under the FOIA implicated the ability of a court "'to device a remedy upon a showing that the agency has improperly withheld agency records.'" *Id.* at *3 (citing *Elliott v. Beltsville Agric. Rsch. Ctr.*, No. 18-3027, 2020 WL 833574, at *2 (D. Md. Feb. 20, 2020)).

All things considered, the foregoing cases are best read as "impermissibly blur[ring] 'the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy,' by 'erroneously conflating' the 'subject matter jurisdiction inquiry . . . with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Cause of Action Inst.*, 390 F. Supp. 3d at 99 (internal brackets and citation omitted). The leading exception is *McKenzie-El v. Internal Revenue Service*, in which Judge Hollander provided more detailed analysis of Section 552(a)(4)(B), addressed relevant out-of-circuit caselaw, and reviewed the agency's motion to dismiss under Rule 12(b)(6). *See* No. 19-1956, 2020 WL 902546, at *10 (D. Md. Feb. 24, 2020).

//

//

//

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to dismiss. The parties' dispute over agency control does not present a question of subject-matter jurisdiction but only relates to whether Defendant is justified in its stated reasons for not producing "Attachment A"—a question that ought to be answered on the merits with the benefit of a developed record.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Ryan P. Mulvey*
RYAN P. MULVEY
D. Md. Bar No. 32169
4103 Sheridan Street
University Park, MD 20782
(858) 349-2058
rpmulvey@gmail.com