**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RES IPSA MEDIA, LLC** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil No. 1:25-cv-02866-ABA |
| **DEPARTMENT OF JUSTICE,** | * | |
| *Defendant*. | * | |

* * * * * * * * * * * * * *

## DEFENDANT'S[1] STATUS REPORT AND DISCOVERY PROPOSAL

Defendant, by and through undersigned counsel, and pursuant to this Court's September 14, 2026 Order (ECF No. 44), files this Status Report detailing its proposal for the scope and schedule of limited discovery, and states:

1. This matter arises out of Plaintiff's FOIA request for one-page of "Attachment A," which Plaintiff alleges the Department of Justice (the "Department") appended to an ethics complaint it filed against United States District Court Chief Judge James Boasberg. ECF No. 1.

2. After dispositive motions briefing and oral argument, this Court entered an order permitting Plaintiff to engage in limited discovery to determine: (1) whether the Department obtained Attachment A while Chad Mizelle, the now-former Chief of Staff to the U.S. Attorney General, was "performing official duties[;]" and, (2) whether "a member of the federal judiciary who attended the March 2025 meeting of the Judicial Conference" manifested "an intent to retain control" over the document when it was created or transmitted. ECF No. 43, pp. 21-23, 28-30; 31 ("at this juncture that, [] there remains genuine disputes of material fact, including with respect to

[1] Defendant, through counsel, attempted to confer with Plaintiff, through its attorney, about a proposal for the "scope and schedule of limited discovery." ECF No. 44, ¶ 4. As set forth in the attached e-mail exchange, the Parties were unable to reach an agreement. *See* E-mail Exchange between counsel, attached hereto as Exhibit A.

whether Attachment A was acquired through legitimate means and regarding the author of Attachment A's intent regarding control and disclosure").

3. The Department will satisfy these inquiries by providing (1) a declaration from the Judiciary regarding the creation/origin of Attachment A; and, (2) a declaration from the Department providing additional details about its search concerning how the Department came to possess Attachment A. The Department will provide both declarations to Plaintiff within 60 days.

4. By e-mail on September 24, 2026, Defendant, through counsel, advised Plaintiff, also through its attorney, of this proposal. Plaintiff responded with a serious of questions seeking the identity of the "seniormost OAG staffer in July 2025" and whether that person is still at the Department and if not, who is the "next most senior, and are *they* still there" and the identity of the person who drafted the ethics complaint. Exhibit A, pp. 6-7. Plaintiff asked that the Department provide it with this information so that it "could evaluate" the Department's proposal and "if necessary make [its] own[,]" or alternatively "say in the status report that I attempted to obtain information from [the Department] to negotiate a discovery plan and [defense counsel] refused to provide it." *Id*. at p. 5. Plaintiff then proposed that the Department provide a copy of Attachment A to the Court (*ex parte* and *in camera*) and also produce declarations from "declarants with personal knowledge" of information regarding the "drafting and planning of the ethics complaint;" "the location and preservation status of all copies of the document"; "where and how the document was located in DOJ's first search;" and, "communications between DOJ and any outside parties regarding the ethics complaint." *Id*. at pp. 2-3.

5. Given that these requests go beyond whether "Attachment A was acquired through legitimate means and regarding the author of Attachment A's intent regarding control and disclosure[,]" ECF No. 43, pp. 21-23, 28-30; 31, and given that the Department's proposed

declarations should answer these questions, the Parties were unable to reach an agreement about the scope and schedule of limited discovery.

6. The Department therefore submits the foregoing unilateral status report, over Plaintiff's vehement objection. Exhibit A, p. 1 ("You do not have my permission to file anything on your own. If you file something before the end of the day, I will object to it and point out that I explicitly did not give you permission to file a defendant's status report on your own").

WHEREFORE, Defendant respectfully requests that the Court ACCEPT this Status Report and enter an Order requiring Defendant to provide Plaintiff, within 60 days, with (1) a declaration from the Judiciary regarding the creation/origin of Attachment A; and, (2) a declaration from the Department providing additional details about its search concerning how the Department came to possess Attachment A.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

*/s/ Melissa E. Goldmeier*
Melissa E. Goldmeier (Bar No. 18769)
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201
melissa.goldmeier@usdoj.gov
(410) 209-4855