**From:** Goldmeier, Melissa (USAMD)
**To:** kelnationalsecurityl (Vendor)
**Subject:** Re: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice
**Date:** Monday, September 28, 2026 9:02:26 AM

I understand your position. I'll go ahead and file a status report and you can obviously respond as you deem appropriate

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Monday, 28 September 2026 08:54:37
**To:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

The agreement in principle would be that your declarations will come from people I agree to and would address the questions that I have. We obviously don't have an agreement in principle if you don't agree to that.

Regarding the scope of the discovery, we're largely in agreement on that, and your proposed declarations do nothing to further that goal. A declaration about the search that was already performed does not answer any questions about how the agency obtained the record.

You do not have my permission to file anything on your own. If you file something before the end of the day, I will object to it and point out that I explicitly did not give you permission to file a defendant's status report on your own.

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
501-301-4NSC (4672)
Signal: NationalSecurityCounselors.16

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

-----Original Message-----
From: "Goldmeier, Melissa (USAMD)" <Melissa.Goldmeier@usdoj.gov>

To: "kelnationalsecurityl (Vendor)" <kel@nationalsecuritylaw.org>
Sent: Mon, 28 Sep 2026 5:16 AM
Subject: RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

Kel, I'll run your proposal past DOJ but I doubt it will agree to it. The Court authorized discovery to determine how the record came into DOJ's possession and whether the judiciary intended to relinquish control over it. The declarations should answer those questions.

Since you sent your proposal to me at 11:57p the day before we have to file a status report, I'm happy to consent to a motion for more time to work this out. But I'm not sure what the agreement in principle is, since we obviously have competing views about what discovery Plaintiff is entitled to.

If I don't hear from you by noon today, I'll submit Defendant's status report and advise the Court that we were unable to reach an agreement about the scope of discovery.

Thanks,

Melissa
410.209.4855

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Sunday, September 27, 2026 11:57 PM
**To:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

The judge clearly wants us to agree on something and not just give him competing positions. And I'm never going to agree to "just declarations" without knowing who they're of and what they will say.

What I will agree to is depositions of specific people that I agree to that answer specific questions that I ask you. If you are willing to engage in a good faith negotiation, then we may be able to reach an agreement that both parties can sign jointly. But absent that, I'm going to have to ask for interrogatories and, if necessary, a deposition or two.

The time has past for you to explain how you searched. We're not looking backwards any more. My questions have to do with what the record is and who did what with it, not how you went about looking for answers the first time. If you had found something that would make a difference, you would've said so, but you didn't. The judge didn't ask you to submit more declarations; he authorized me to *engage in discovery*.

So here's my compromise proposal for you:

1. DOJ provides a copy of the record to the Court *ex parte* and *in camera*; and
2. DOJ provides one or more declarations from declarants with personal knowledge of the following matters which will address specific questions I provide to you after you tell me who the declarants are and why they would have personal knowledge of these matters
   a. The drafting and planning of the ethics complaint;
   b. The location and preservation status of all copies of the document;
   c. Where and how the document was located in DOJ's first search; and
   d. Communications between DOJ and any outside parties regarding the ethics complaint.

Personal knowledge means *personal knowledge*. Hearsay will not suffice. A declaration from Vanessa Brinkmann saying what she was told by somebody in the OAG will not suffice. At least one declarant *must* have been involved in the decisionmaking process surrounding the ethics complaint. For reasons that should be obvious, a declaration from a judiciary source is unlikely to be helpful, but you may include one of those as well as long as they explicitly state whether they object to the release of just the last page and whether they have obtained permission from the author to object on his/her behalf.

If you are willing to discuss this, the first thing I need is the answers to my previous questions so we can decide who the declarants need to be. If you are not, please let me know and I will write a proposal for interrogatories and depositions, including a request that the Court authorize a third-party subpoena to Chad Mizelle to put this to rest.

If we need more time for this, I think the judge would not begrudge us another few days to discuss, if we can say we have an agreement in principle.

Kel

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

Kel@NationalSecurityLaw.org
501-301-4NSC (4672)
Signal: NationalSecurityCounselors.16

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

**From:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Sent:** Sunday, September 27, 2026 10:41 AM
**To:** kelnationalsecurityl (Vendor) <kel@nationalsecuritylaw.org>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

This is due tomorrow; please advise.

Thanks,

Melissa
410.209.4855

---

**From:** Goldmeier, Melissa (USAMD)
**Sent:** Thursday, September 24, 2026 6:27 PM
**To:** 'Kel McClanahan, Esq.' <kel@nationalsecuritylaw.org>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

I drafted a status report and left space for you to input Plaintiff's position.

I'm not sure how one would conclude that I'm refusing to provide certain information. The Court ordered us to present a proposal about discovery that would address the disputes of fact the Court identified. To the extent you seek the information below in discovery, it's up to you to present that to the Court.

Please fill in where appropriate and I'll get this filed.

Thanks,

Melissa
410.209.4855

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Thursday, September 24, 2026 12:57 PM
**To:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

I propose providing me with the information I need so that I can evaluate your proposal and if necessary make my own. Or I can say in the status report that I attempted to obtain information from you to negotiate a discovery plan and you refused to provide it.

I would rather do the former but if necessary I have no problem with the latter.

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
501-301-4NSC (4672)
Signal: NationalSecurityCounselors.16

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

**From:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Sent:** Thursday, September 24, 2026 11:50 AM
**To:** kelnationalsecurityl (Vendor) <kel@nationalsecuritylaw.org>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

We need to make a proposal to the Court. What do you propose?

Melissa
410.209.4855

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Thursday, September 24, 2026 11:48 AM
**To:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

Who currently in DOJ was the seniormost OAG staffer in July 2025? As in, we know that Bondi and Mizelle are gone, but who was most senior (and presumably closest to Mizelle) under him, and is that person at DOJ? And if not, who was next most senior, and are *they* still there?

Also, who was/were the drafter(s) of the ethics complaint? It is unlikely the CoS spent hours/days drafting it himself.

At the moment I do not believe we will be willing to limit this to declarations, but it's possible if we get the right declarations. But to know that we need to know who the potential witnesses are.

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
501-301-4NSC (4672)
Signal: NationalSecurityCounselors.16

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

**From:** Goldmeier, Melissa (USAMD) <Melissa.Goldmeier@usdoj.gov>
**Sent:** Thursday, September 24, 2026 10:16 AM
**To:** kelnationalsecurityl (Vendor) <kel@nationalsecuritylaw.org>
**Subject:** RE: [EXTERNAL] RE: 1:25-cv-02866-ABA Res Ipsa Media, LLC v. Department of Justice

Hi, Kel –

As you know, our status report detailing our proposals for the scope and schedule of limited discovery is due on Monday.  DOJ proposes a judiciary declaration with more information about the creation/origins of Attachment A and also an additional declaration describing DOJ's search efforts relating to how DOJ came to possess Attachment A, both of which to be provided to Plaintiff within 60 days.

Let me know your thoughts/Plaintiff's proposal and I'll put together a joint status report for your review.

Thanks,

Melissa
410.209.4855

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]